IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.:

UNITED STATES SECURITIES
AND EXCHANGE COMMISSION,

Plaintiff,

v.

KRISTINE L. JOHNSON,
TROY A. BARNES, and
WORK WITH TROY BARNES, INC. (d/b/a THE ACHIEVE COMMUNITY),

Defendants,

and

ACHIEVE INTERNATIONAL, LLC,

Relief Defendant.

---

**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S
EMERGENCY MOTION FOR AN ORDER GRANTING
AN *EX PARTE* ASSET FREEZE, TEMPORARY RESTRAINING ORDER,
AND OTHER EMERGENCY RELIEF**

---

Plaintiff United States Securities and Exchange Commission ("Commission") moves the Court, on an emergency basis, for an *ex parte* order freezing assets, a temporary restraining order, and for other emergency relief against Defendants Kristine L. Johnson, Troy Barnes, and Work With Troy Barnes, Inc., and Relief Defendant Achieve International, LLC, in order to halt an ongoing Ponzi scheme and prevent further misappropriation of investor funds.

This motion is made pursuant to Rule 65 of the Federal Rules of Civil Procedure, Section 20(b) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77t(b)], and Section 21(d)(1) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78u(d)(1)], and is supported by: Plaintiff's Memorandum of Law in Support of Plaintiff's Emergency Motion for an Order Granting an *Ex Parte* Asset Freeze, Temporary Restraining Order, and Other Emergency Relief; the Complaint; the Declarations of Jeffrey D. Felder, Helena M. Engelhart, Kerry M. Matticks, and Carmen Taveras, Ph.D, and the exhibits attached thereto; and the Certification of Counsel pursuant to Federal Rule of Civil Procedure 65(b), all filed concurrently or attached hereto.

The SEC seeks an Order granting an *ex parte* Temporary Restraining Order and subsequently a Preliminary Injunction and Order of Permanent Injunction: (1) freezing funds and other assets of Defendants and Relief Defendant, wherever located, which are derived directly or indirectly from any investor funds obtained by or on behalf of Defendants in connection with the scheme alleged in the SEC's Complaint; (2) prohibiting Defendants and Relief Defendant from the acceptance, deposit, or disbursement of additional funds from investors or potential investors; (3) enjoining Defendants from violations of the antifraud provisions under Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)], Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)], and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5]; (4) requiring Defendants and Relief Defendant to provide an accounting of investor funds and other assets; (5) prohibiting the destruction or alteration of documents; (6) providing for expedited discovery; (7) providing alternative service by the Commission; and (8) setting this matter for a preliminary injunction.

## CERTIFICATION UNDER LOCAL RULE 7.1A

As explained in the Certification of Nicholas P. Heinke, filed herewith, the Commission is concerned that, if the Defendants and Relief Defendant become aware of this action before the asset freezes are instituted, they will dissipate their assets. Accordingly, the Commission has not conferred with Defendants or Relief Defendant regarding the *ex parte* Temporary Restraining Order. Plaintiff will confer with Defendants and Relief Defendant regarding the requested Order for Preliminary Injunction at the appropriate time.

DATED: February 12, 2015.

Respectfully submitted,

s/Nicholas P. Heinke
Nicholas P. Heinke
Gregory A. Kasper
Attorneys for Plaintiff
U.S. Securities and Exchange Commission
1961 Stout Street, Suite 1700
Denver, CO 80294-1961
(303) 844-1071 (Heinke)
(303) 844-1026 (Kasper)
HeinkeN@sec.gov
KasperG@sec.gov