IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.:

UNITED STATES SECURITIES
AND EXCHANGE COMMISSION,

        Plaintiff,

        v.

KRISTINE L. JOHNSON,
TROY A. BARNES, and
WORK WITH TROY BARNES, INC. (d/b/a THE ACHIEVE COMMUNITY),

        Defendants,

and

ACHIEVE INTERNATIONAL, LLC,

        Relief Defendant.

## CERTIFICATION OF NICHOLAS P. HEINKE UNDER RULE 65(b)

I, Nicholas P. Heinke, certify under Federal Rule of Civil Procedure 65(b) and 28 U.S.C. § 1746 as to the following reasons why the Defendants and Relief Defendant should not receive notice of Plaintiff United States Securities and Exchange Commission's Emergency Motion for an Order Granting an *Ex Parte* Asset Freeze, Temporary Restraining Order, and Other Emergency Relief, until the Court has ruled on the request for an asset freeze, Temporary Restraining Order and other ancillary emergency relief:

    1.    As described more completely in the Complaint, Memorandum of Law in support of the emergency motion, and the supporting Declarations, the Defendants are currently engaged

in an ongoing Ponzi scheme. Since approximately May 2014, Defendants have operated a scheme to defraud investors that has raised approximately $3.8 million.

2. In addition to operating an illegal and fraudulent Ponzi scheme, Defendants have misappropriated investor funds from accounts held by Defendant Work With Troy Barnes, Inc. and Achieve International, LLC and taken those funds for their personal benefit. Like the Ponzi scheme, this misappropriation is ongoing: in approximately the last month, Defendant Johnson has misappropriated over $100,000 in investor funds.

3. The SEC seeks to freeze investor funds held by Defendants and Relief Defendant, and all assets directly or indirectly traceable to such investor funds, in order to preserve the remaining funds for payment of disgorgement and/or civil penalties for the benefit of harmed investors should the SEC ultimately prove successful in this litigation.

4. Providing Defendants advanced notice of the SEC's emergency motion seeking a Temporary Restraining Order and asset freeze would allow them to dissipate or misappropriate the remaining funds to the detriment of investors. Given the egregious and brazen nature of the apparent fraud, along with the evidence that Defendants have misappropriated investor funds in the past, the SEC believes there is a high likelihood of dissipation or misappropriation should the Defendants be given notice.

5. For these reasons, the SEC submits that its emergency motion for a Temporary Restraining Order, asset freeze, and other ancillary relief should be granted *ex parte* without notice.

I certify under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated this 12th day of February, 2015, in Denver, Colorado.

          s/Nicholas P. Heinke
          Nicholas P. Heinke
          Attorney for Plaintiff
          U.S. Securities and Exchange Commission
          1961 Stout Street, Suite 1700
          Denver, CO 80294-1961
          (303) 844-1071
          HeinkeN@sec.gov