**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 15-cv-00299-REB-CBS

UNITED STATES SECURITIES AND EXCHANGE COMMISSION,

      Plaintiff,

v.

KRISTINE L. JOHNSON,
TROY A. BARNES, and
WORK WITH TROY BARNES, INC. (d/b/a THE ACHIEVE COMMUNITY),

      Defendants,

and

ACHIEVE INTERNATIONAL, LLC,

      Relief Defendant.

---

**ASSET FREEZE, TEMPORARY RESTRAINING ORDER,
AND ORDER GRANTING OTHER EMERGENCY RELIEF AND
SETTING PRELIMINARY INJUNCTION HEARING**

---

**Blackburn, J.**

On February 12, 2015, Plaintiff United States Securities and Exchange

Commission ("Commission" or "SEC") filed an emergency motion for an *ex parte* Order:

(1) freezing funds and other assets of Defendants Kristine L. Johnson, Troy Barnes, and

Work With Troy Barnes, Inc., and Relief Defendant Achieve International, LLC,

wherever located, which are derived directly or indirectly from any investor funds

obtained by or on behalf of Defendants or Relief Defendant in connection with the

scheme alleged in the SEC's Complaint; (2) prohibiting Defendants and Relief

Defendant from the acceptance, deposit, or disbursement of additional funds from

investors or potential investors; (3) enjoining Defendants from violations of the

antifraud provisions of the federal securities laws; (4) requiring Defendants and Relief

Defendant to provide an accounting of investor funds and other assets; (5) prohibiting

the destruction or alteration of documents; (6) providing for expedited discovery; (7)

providing alternative service by the Commission; and (8) setting this matter for a

preliminary injunction.

The court has considered the entire record of this case, including the Complaint

in this action; Plaintiff's Memorandum of Law In Support of its Emergency Motion for an

Order Granting an *Ex Parte* Asset Freeze, Temporary Restraining Order, and Other

Emergency Relief; the Declarations of Jeffrey D. Felder, Helena M. Engelhart, Kerry M.

Matticks, and Carmen Taveras, Ph.D, with attached exhibits, and the Certification of

Counsel pursuant to Federal Rule of Civil Procedure 65(b), all attached hereto or filed

concurrently.

Based on the record, the court finds as follows:

1.  That the court has jurisdiction over the subject matter of this action and over

the Defendants and Relief Defendant;

2.  That the SEC has made a sufficient and proper showing in support of the

relief granted herein, as required by Section 20(b) of the Securities Act of 1933

("Securities Act") [15 U.S.C. § 77t(b)] and Section 21(d)(1) of the Securities Exchange

Act of 1934 ("Exchange Act") [15 U.S.C. § 78u(d)(1)] by establishing a prima facie case

for each of the violations alleged in the Complaint and a strong likelihood that the SEC

will prevail at trial on the merits and that the Defendants, and each of them, directly or

indirectly, have engaged in and, unless restrained and enjoined by order of this court,

will continue to engage in acts, practices, and courses of business constituting

violations of Section 17(a) of the Securities Act [15 U.S.C. §§ 77e and 77q(a)], Section

10(b) of the Exchange Act [15 U.S.C. §§ 78j(b) and 78o], and/or Exchange Act Rule

10b-5 thereunder [17 C.F.R. § 240.10b-5];

3.   That there is good cause to believe that, unless restrained and enjoined by

order of this court, the Defendants and Relief Defendant will dissipate, conceal, or

transfer from the jurisdiction of this court assets that could be subject to an order

directing disgorgement or the payment of civil money penalties in this action, and that

unless restrained Defendants and Relief Defendant will continue to accept funds from

investors;

4.   That there is good cause to believe that, unless restrained and enjoined by

order of this court, Defendants may alter or destroy documents relevant to this action;

5.   That there is good cause to believe that an immediate accounting is

necessary to identify the source, location and use of funds obtained from investors;

6.   That there is good cause to believe that expedited discovery and alternative

means of service are warranted;

7.   That pursuant to Fed. R. Civ. P. 65(b), this court specifically finds that there is

a likelihood of irreparable injury to investors unless this order is issued ex parte.  This

court finds that the SEC has made a prima facie showing that Defendants have

engaged in schemes to defraud investors, made false and misleading statements to

investors and omitted material facts in connection with the offer and sale of securities;

8.   That based on these and other facts alleged by the SEC, there is good cause

to believe that Defendants and Relief Defendant will dispose of, dissipate, or remove

investor funds and assets from the jurisdiction of the court.  Such dissipation of investor funds and assets would constitute irreparable harm to investors.  To avoid this irreparable harm, it is appropriate for the court to issue this Temporary Restraining Order *ex parte* so that prompt service on appropriate financial institutions and persons acting in concert with or directing the activities of Defendants and Relief Defendant can be made, thus preventing the dissipation of investor funds.

**THEREFORE, IT IS ORDERED** as follows:

1.  That, pending the determination of the SEC's Motion for a Preliminary Injunction or hearing on the merits, Defendants Kristine L. Johnson, Troy Barnes, and Work With Troy Barnes, Inc., and their officers, directors, subsidiaries, affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, and each of them, are enjoined and restrained from, directly or indirectly, in the offer or sale of any security by the use of any means or instruments of transportation, or communication in interstate commerce or by the use of the mails: (1) employing any device, scheme, or artifice to defraud; or (2) obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or (3) engaging in any transaction, practice, or course of business that operates or would operate as a fraud or deceit upon the purchaser in violation of Section 17(a) of the Securities Act of 1933 [15 U.S.C. § 77q(a)];

2.  That pending the determination of the SEC's Motion for a Preliminary Injunction or hearing on the merits, Defendants Kristine L. Johnson,Troy Barnes, and Work With Troy Barnes, Inc., and their officers, directors, subsidiaries, affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, and each of them, are enjoined and restrained from directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails or of any facility of any national securities exchange in connection with the purchase or sale of any security:  (1) employing any device, scheme, or artifice to defraud; (2) making any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or (3) engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person in violation of Section 10(b) of the Securities Exchange Act of 1934 [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. 240.10b-5];

3.  That pending the determination of the SEC's Motion for a Preliminary Injunction or hearing on the merits, the Defendants and Relief Defendant are prohibited, directly or indirectly, from accepting funds from investors for investment in any investment program.  Defendants Kristine L. Johnson, Troy Barnes, and Work With Troy Barnes, Inc., Relief Defendant Achieve International, LLC, and their officers, directors, successor corporation, subsidiaries and affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, and each of them,

shall refrain from accepting, taking control of, or depositing in any financial institution, funds from investors;

4.   That pending the determination of the SEC's Motion for a Preliminary Injunction or hearing on the merits:

a.   The assets, funds, or other property of Defendants Kristine L. Johnson, Troy Barnes, and Work With Troy Barnes, Inc., and Relief Defendant Achieve International, LLC, wherever located, which derive, directly or indirectly, from any investor funds obtained by or on behalf of the Defendants or Relief Defendant in connection with the scheme alleged in the SEC's Complaint, are frozen;

b.   Defendants Kristine L. Johnson, Troy Barnes, and Work With Troy Barnes, Inc., Relief Defendant Achieve International, LLC, and their officers, directors, successor corporations, subsidiaries, affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, and each of them, shall hold and retain within their control, and otherwise prevent any disposition, transfer, pledge, encumbrance, assignment, dissipation, concealment, or other disposal whatsoever of any of their funds or other assets or things of value presently held by them, under their control or over which they exercise actual or apparent investment or other authority, in whatever form such assets may presently exist and wherever located, which derive, directly or indirectly, from any investor funds obtained by or on behalf of the

6

Defendants and Relief Defendant in connection with the scheme alleged in the SEC's Complaint;

c.  Any bank, financial or brokerage institution or other person or entity holding any funds, securities or other assets which derive, directly or indirectly, from any investor funds obtained by or on behalf of the Defendants or Relief Defendant in connection with the scheme alleged in the SEC's Complaint, held in the name of, for the benefit of, or under the control of Defendants Kristine L. Johnson, Troy Barnes, and Work With Troy Barnes, Inc., Relief Defendant Achieve International, LLC, or their officers, directors, successor corporations, subsidiaries, affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them, and each of them, shall hold and retain within their control and prohibit the withdrawal, removal, transfer or other disposal of any such funds or other assets;

d.  No person or entity, including the Defendants, Relief Defendant, or any creditor or claimant against any of the Defendants or Relief Defendant, or any person acting on behalf of such creditor or claimant, shall take any action to interfere with the asset freeze, including, but not limited to, the filing of any lawsuits, liens, or encumbrances, or bankruptcy cases to impact the property and assets subject to this order; provided, however, that any party or non-party may seek leave from this order upon a proper showing;

7

5.   That Defendants Kristine L. Johnson, Troy Barnes, and Work With Troy Barnes, Inc., Relief Defendant Achieve International, LLC, and each of their successor corporations, subsidiaries, and affiliates, shall within five business days of the service of this order, each file with this Court, and serve on the SEC, at the address of its counsel of record, a sworn accounting of:

a. All funds raised in any securities offerings by Defendants Kristine L. Johnson, Troy Barnes, or Work With Troy Barnes, Inc., or Relief Defendant Achieve International, LLC, or any subsidiary, division, or affiliate thereof, in the form of investment contracts (including "positions" in The Achieve Community), profits interests, notes or any other security, listing the name, address and phone number of each person who invested funds in such program, the amount the investor paid directly or indirectly to any of the entities and date(s) such funds were received; the current locations of all such funds; the disposition of any such funds including the date, amount, recipient and purpose of each disbursement; the location, title and account numbers at any financial institution to which any such funds have been transferred; and the amount of earnings paid to each investor, if any, and date of payment, the amount of other funds returned to each investor and date of payment;

b. All persons who received a commission, finder's fee, or any other payment relating to any securities offered or sold by Defendants Kristine L. Johnson, Troy Barnes, or Work With Troy Barnes, Inc., or Relief Defendant Achieve International, LLC, or otherwise identified in paragraph

8

VI.A. above; listing the name and address and phone number of each such person, and the amount and the date of any such payment;

c. All investments, securities, funds, real estate, and other assets held in the names of Defendants Kristine L. Johnson, Troy Barnes, or Work With Troy Barnes, Inc., or Relief Defendant Achieve International, LLC, or in the names of any subsidiary, affiliate, or agent or under their direct or indirect control, or in which they have or have had since January 1, 2014, a direct or indirect beneficial interest, stating a description and location of such assets;

d. Each account, including safe deposit boxes, with any bank, financial institution or brokerage firm, maintained in the names of Defendants Kristine L. Johnson, Troy Barnes, or Work With Troy Barnes, Inc., or Relief Defendant Achieve International, LLC, or the names of any subsidiary, affiliate, or agent, or in which they have direct or indirect control or beneficial interest, or have had any direct or indirect beneficial interest since January 1, 2014; and

e. Every transaction in which the ownership, direction and control of any funds or other assets of any kind have been transferred, directly or indirectly, since January 1, 2014 to or from Defendants Kristine L. Johnson, Troy Barnes, or Work With Troy Barnes, Inc., or Relief Defendant Achieve International, LLC, or their affiliates, subsidiaries, or agents;

6.  That the Defendants and Relief Defendant are prohibited from destroying or altering records. Pending determination of the SEC's Motion for a Preliminary Injunction or hearing on the merits, Defendants Kristine L. Johnson, Troy Barnes, and Work With Troy Barnes, Inc., Relief Defendant Achieve International, LLC, and their officers, directors, successor corporations, subsidiaries and affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, and each of them, are hereby restrained from destroying, mutilating, concealing, altering, or disposing of any document referring or relating in any manner to any transactions described in the SEC's Complaint in this action, or to any communications between or among any of the Defendants.  As used in this order, "document" means the original and all non-identical copies (whether non-identical because of handwritten notation or otherwise) of all written or graphic matter, however produced, and any other tangible record, or electronic data compilation capable of reproduction in tangible form, including, without limitation, computer data, e-mail messages, correspondence, memoranda, minutes, telephone records, reports, studies, telexes, diaries, calendar entries, contracts, letters of agreement, and including any and all existing drafts of all documents;

7.  That the SEC's application for expedited discovery concerning Defendants and Relief Defendant, their assets, and their activities is granted and that, commencing with the time and date of this Order, in lieu of the time periods, notice provisions, and other requirements of Rules 26, 30, 33, 34, 36, and 45 of the Federal Rules of Civil Procedure, and Rule 30.1A of the Local Rules of this Court, discovery shall proceed as

10

follows:

a. Pursuant to Rule 30(a) of the Federal Rules of Civil Procedure, the parties may take depositions upon oral examination on three days' notice of any such deposition.  Depositions may be taken telephonically. As to Defendants Kristine L. Johnson, Troy Barnes, and Work With Troy Barnes, Inc., Relief Defendant Achieve International, LLC, and their officers, directors, subsidiaries and affiliates, agents, servants, employees, owners, brokers, associates, trustees, and underwriters, the SEC may depose such witnesses after serving a deposition notice by facsimile, e-mail, mail, hand or overnight courier upon such Defendants, and without serving a subpoena on such witness. Depositions that have not been signed by the witness may be used for purposes of the hearing on Plaintiff SEC's motion for a preliminary injunction;

b. Pursuant to Rule 33(a) of the Federal Rules of Civil Procedure, the parties shall answer interrogatories within three days of service of such interrogatories. Interrogatories may be served by facsimile, e-mail, mail, hand or overnight courier upon the parties or their counsel;

c. Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, the parties shall produce all documents requested within three days of service of such request. Documents produced to the SEC shall be produced to the U.S. Securities and Exchange Commission, Denver Regional Office, 1961 Stout St., Suite 1700, Denver, CO 80294, to the attention of Nicholas P. Heinke and Gregory A. Kasper, or such other person or place as counsel

11

for the SEC may direct in writing. Requests for production may be served

by facsimile, e-mail, mail, hand or overnight courier upon the parties or

their counsel;

d. Pursuant to Rule 36(a) of the Federal Rules of Civil Procedure, the

parties shall respond to requests for admissions within three days of such

requests. Requests for admission may be served by facsimile, e-mail,

mail, hand or overnight courier upon the parties or their counsel; and

e. All written responses to the SEC's requests for discovery under the

Federal Rules of Civil Procedure shall be delivered by hand or overnight

courier to the U.S. Securities and Exchange Commission's Denver

Regional Office at 1961 Stout St., Suite 1700, Denver, CO 80294, to the

attention of Nicholas P. Heinke and Gregory A. Kasper, or such other

place and person as counsel for the SEC may direct in writing; and

f. In connection with any discovery from any non-party, deposition or

document discovery may be had within five days of service of a subpoena

pursuant to Rule 45. Service of a subpoena may be made by facsimile,

e-mail, mail, hand or overnight courier;

8. That service of this Order, the Summons and Complaint may be made by

facsimile, mail, e-mail, delivery by commercial courier, or personally by any employee of

the Securities and Exchange Commission who is not counsel of record in this matter, or

special process server, or any other person, or in any other manner authorized by Rule

5 of the Federal Rules of Civil Procedure and may be made on any registered agent,

officer, or director of Defendants or Relief Defendant, or by publication. As indicated,

12

discovery requests may be communicated by facsimile, mail, hand, or delivery by commercial courier;

9.   That the Defendants and Relief Defendant, and each of them, shall appear before this court on **Tuesday February 24, 2015**, at **9:00 a.m.**, in Courtroom A1001 of the Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado 80294 to show cause, if any there be, why this court should not enter a Preliminary Injunction and order preliminary relief against the Defendants and Relief Defendant pursuant to Rule 65 of the Federal Rules of Civil Procedure, and extend the temporary relief granted in this Order until a final adjudication on the merits may be had; and

10.   That the court shall retain jurisdiction of this matter for all purposes.

Dated February 12, 2015, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge