**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 15-cv-00299-REB-CBS

UNITED STATES SECURITIES
AND EXCHANGE COMMISSION,

        Plaintiff,

        v.

KRISTINE L. JOHNSON,
TROY A. BARNES, and
WORK WITH TROY BARNES, INC. (d/b/a THE ACHIEVE COMMUNITY),

        Defendants,

and

ACHIEVE INTERNATIONAL, LLC,

        Relief Defendant.

**ORDER FOR PRELIMINARY INJUNCTION, ASSET FREEZE,
AND OTHER EQUITABLE RELIEF AS TO DEFENDANT BARNES**

**Blackburn, J.**

On February 12, 2015, Plaintiff United States Securities and Exchange Commission ("Commission" or "SEC") filed an emergency motion for an *ex parte* Order: (1) freezing funds and other assets of Defendants Kristine L. Johnson, Troy Barnes, and Work With Troy Barnes, Inc., and Relief Defendant Achieve International, LLC, wherever located, which are derived directly or indirectly from any investor funds obtained by or on behalf of Defendants or Relief Defendant in connection with the

scheme alleged in the SEC's Complaint; (2) prohibiting Defendants and Relief Defendant from the acceptance, deposit, or disbursement of additional funds from investors or potential investors; (3) enjoining Defendants from violations of the antifraud provisions of the federal securities laws; (4) requiring Defendants and Relief Defendant to provide an accounting of investor funds and other assets; (5) prohibiting the destruction or alteration of documents; (6) providing for expedited discovery; and (7) providing alternative service by the Commission.

On February 12, 2015, the Court issued a temporary restraining order against Defendants and Relief Defendant and ordered that the Defendants and the Relief Defendant appear on February 24, 2015 to show cause why the Court should not enter a Preliminary Injunction and order preliminary relief against the Defendants and Relief Defendant pursuant to Rule 65 of the Federal Rules of Civil Procedure, and extend the temporary relief granted until a final adjudication on the merits.

On February 19, 2015, the Commission and Defendant Barnes filed a stipulated motion for entry of a Preliminary Injunction against Defendant Barnes, whereby Defendant Barnes stipulated and agreed to the extension of the temporary relief granted until further order of the Court or a final adjudication on the merits.

The Court has considered the entire record of this case, including the Complaint in this action; Plaintiff's Memorandum of Law In Support of its Emergency Motion for an Order Granting an *Ex Parte* Asset Freeze, Temporary Restraining Order, and Other Emergency Relief; the Declarations of Jeffrey D. Felder, Helena M. Engelhart, Kerry M. Matticks, and Carmen Taveras, Ph.D, with attached exhibits, the Certification of

Counsel pursuant to Federal Rule of Civil Procedure 65(b), and the Commission and Defendant Barnes's stipulated motion for entry of preliminary injunction.

Based on the record and the agreement of the Commission and Defendant Barnes, the Court finds:

1. This Court has jurisdiction over the subject matter of this action and over Defendant Troy A. Barnes.

2. Troy A. Barnes has waived a right to any hearing pursuant to Federal Rule of Civil Procedure 65, waived any findings of fact and conclusions of law, and waived any right to appeal, if any, from this Order.

**THEREFORE, IT IS ORDERED** as follows:

1. That, pending trial on the merits or further order of the Court, Defendant Troy A. Barnes and his affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with him who receive actual notice of this order by personal service or otherwise, and each of them, are enjoined and restrained from, directly or indirectly, in the offer or sale of any security by the use of any means or instruments of transportation, or communication in interstate commerce or by the use of the mails: (1) employing any device, scheme, or artifice to defraud; or (2) obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or (3) engaging in any transaction, practice, or course of business that operates or would operate as a fraud or

deceit upon the purchaser in violation of Section 17(a) of the Securities Act of 1933 [15 U.S.C. § 77q(a)];

      2. That, pending trial on the merits or further order of the Court, Defendant Troy A. Barnes and his affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with him who receive actual notice of this order by personal service or otherwise, and each of them, are enjoined and restrained from directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails or of any facility of any national securities exchange in connection with the purchase or sale of any security: (1) employing any device, scheme, or artifice to defraud; (2) making any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or (3) engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person in violation of Section 10(b) of the Securities Exchange Act of 1934 [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. 240.10b-5];

      3. That, pending trial on the merits or further order of the Court, Defendant Troy A. Barnes is prohibited, directly or indirectly, from accepting funds from investors for investment in any investment program. Defendant Troy A. Barnes and his affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with him who receive actual notice of this order by personal service or otherwise, and each of them, shall refrain from accepting, taking control of, or depositing in any financial institution, funds from investors;

4. That, pending trial on the merits or further order of this Court:

    A. The assets, funds, or other property of Defendant Troy A. Barnes, wherever located, which derive, directly or indirectly, from any investor funds obtained by or on behalf of the Defendants or Relief Defendant in connection with the scheme alleged in the SEC's Complaint, are frozen.

    B. Defendant Troy A. Barnes and his affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with him who receive actual notice of this order by personal service or otherwise, and each of them, shall hold and retain within their control, and otherwise prevent any disposition, transfer, pledge, encumbrance, assignment, dissipation, concealment, or other disposal whatsoever of any of their funds or other assets or things of value presently held by them, under their control or over which they exercise actual or apparent investment or other authority, in whatever form such assets may presently exist and wherever located, which derive, directly or indirectly, from any investor funds obtained by or on behalf of the Defendants and Relief Defendant in connection with the scheme alleged in the SEC's Complaint; and

    C. Any bank, financial or brokerage institution or other person or entity holding any funds, securities or other assets which derive, directly or indirectly, from any investor funds obtained by or on behalf of the Defendants or Relief Defendant in connection with the scheme alleged in

the SEC's Complaint, held in the name of, for the benefit of, or under the control of Defendant Troy A. Barnes or his affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with him, and each of them, shall hold and retain within their control and prohibit the withdrawal, removal, transfer or other disposal of any such funds or other assets.

D. No person or entity, including Defendant Troy A. Barnes or any creditor or claimant against Defendant Troy A. Barnes, or any person acting on behalf of such creditor or claimant, shall take any action to interfere with the asset freeze, including, but not limited to, the filing of any lawsuits, liens, or encumbrances, or bankruptcy cases to impact the property and assets subject to this order; provided, however, that any party or non-party may seek leave from this order upon a proper showing;

5. That, the Defendant Troy A. Barnes is prohibited from destroying or altering records. Pending trial on the merits or further order of the Court, Defendant Troy A. Barnes and his affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with him who receive actual notice of this order by personal service or otherwise, and each of them, are hereby restrained from destroying, mutilating, concealing, altering, or disposing of any document referring or relating in any manner to any transactions described in the SEC's Complaint in this action, or any communications between or among any of the Defendants and Relief Defendant. As used in this order, "document" means the original and all non-identical

copies (whether non-identical because of handwritten notation or otherwise) of all written or graphic matter, however produced, and any other tangible record, or electronic data compilation capable of reproduction in tangible form, including, without limitation, computer data, e-mail messages, correspondence, memoranda, minutes, telephone records, reports, studies, telexes, diaries, calendar entries, contracts, letters of agreement, and including any and all existing drafts of all documents;

6. That service of this Order may be made by facsimile, mail, e-mail, delivery by commercial courier, or personally by any employee of the Securities and Exchange Commission who is not counsel of record in this matter, or special process server, or any other person, or in any other manner authorized by Rule 5 of the Federal Rules of Civil Procedure and may be made on any registered agent, officer, or director of Defendant or Relief Defendant, or by publication. Discovery requests may be communicated by facsimile, mail, hand, or delivery by commercial courier;

7. That nothing in this Order alters or eliminates the provisions in the Court's **Asset Freeze, Temporary Restraining Order, and Order Granting Other Emergency Relief** [#10], entered February 12, 2015, requiring Defendant Barnes to provide a sworn accounting, ordering expedited discovery, or providing for alternative means of service; and

8. That the Court shall retain jurisdiction of this matter for all purposes.

Dated February 23, 2015, at Denver, Colorado.

**BY THE COURT:**

Bob Blackburn
Robert E. Blackburn
United States District Judge

7