IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00299-REB-CBS

UNITED STATES SECURITIES
AND EXCHANGE COMMISSION,

        Plaintiff,

        v.

KRISTINE L. JOHNSON,
TROY A. BARNES, and
WORK WITH TROY BARNES, INC. (d/b/a THE ACHIEVE COMMUNITY),

        Defendants,

and

ACHIEVE INTERNATIONAL, LLC,

        Relief Defendant.

---

**PLAINTIFF'S BRIEF IN FURTHER SUPPORT OF
MOTION FOR PRELIMINARY INJUNCTION**

---

        Plaintiff United States Securities and Exchange Commission ("SEC") files this brief in further support of its motion for preliminary injunction to inform the Court of events that have occurred since the Court granted the SEC's motion for emergency relief on Thursday, February 12, 2015. The SEC filed this action to halt an ongoing Ponzi scheme. Following the Court's entry of a temporary restraining order and asset freeze, the individual defendants, Kristine L. Johnson and Troy A. Barnes, stipulated and agreed to have a preliminary injunction entered against them, conceding to an

extension of the injunctions, asset freeze, and other temporary relief. However, the entity defendants, Defendant Work With Troy Barnes, Inc. and Relief Defendant Achieve International, LLC, have been silent. Despite being properly served, the entities have not retained counsel or otherwise appeared in this action, nor did they respond to the SEC's motion for preliminary injunction by the court-ordered deadline. For these reasons, the SEC doubts that either entity will appear at the February 24, 2015 show cause hearing ordered by the Court. If the entities do not appear, the SEC will request the Court enter a preliminary injunction against them and extend the temporary relief previously granted.

I.   **PROCEDURAL HISTORY**

On February 12, 2015, the SEC filed its emergency motion for a Temporary Restraining Order and subsequently a Preliminary Injunction that would freeze the assets of Defendants and Relief Defendant, enjoin Defendants from violating the antifraud provisions of the federal securities laws, and order other relief. (*See* Plaintiff's Emergency Motion for an Order Granting an *Ex Parte* Asset Freeze, Temporary Restraining Order, and Other Emergency Relief [#4] ("TRO Motion").) That same day, the Court entered a temporary restraining order and asset freeze. (*See* Asset Freeze, Temporary Restraining Order, and Order Granting Other Emergency Relief and Setting Preliminary Injunction Hearing [#10] ("TRO Order").) The Court also set a Preliminary Injunction hearing for Tuesday, February 24, 2015, and later ordered the defendants to respond to the SEC's motion for preliminary injunction by Thursday, February 19, 2015. (*See* TRO Order [#10], Minute Order [#12].)

Immediately following the Court's granting of the TRO order, the SEC affected the asset freeze and to date has frozen over $2.5 million for the benefit and protection of investors. (*See* Second Felder Decl. ¶¶ 15-16.)[1] The SEC also served expedited discovery requests on Defendant Johnson and Defendant Barnes, and issued numerous subpoenas to banks and other payment companies for records related to the defendants' scheme. (*See* Heinke Decl. ¶¶ 3-4.) In addition, the SEC noticed both Defendant Barnes and Defendant Johnson's depositions, for February 20, 2015 and February 23, 2015, respectively. (*See* Heinke Decl. ¶ 2.) However, both defendants confirmed that they would invoke their Fifth Amendment privileges in response to questions during their depositions. (*See* Heinke Decl. ¶¶ 5-6 and Exs. D & E.) In light of defendants' invocation of their Fifth Amendment rights, the SEC informed the defendants that their scheduled depositions would not go forward. (*See* Heinke Decl. ¶ 7.)

On Thursday, February 19, 2015, Defendants Johnson and Barnes stipulated to an extension of the temporary relief granted in the TRO Order until a final adjudication on the merits, and to have an order for preliminary injunction and an asset freeze entered against them. (*See* Stipulated Motion for Preliminary Injunction, Asset Freeze, and Other Equitable Relief as to Defendant Johnson [#14] ("Johnson Stip."), Stipulated

---

[1] Citations to "Second Felder Decl." refer to the February 23, 2015 Second Declaration of Jeffrey D. Felder. Citations to "Heinke Decl." refer to the February 23, 2015 Declaration of Nicholas P. Heinke. Citations to "Pinkston Decl." refer to the February 23, 2015 Declaration of Marla J. Pinkston. Citations to "Blomgren Decl." refer to the February 23, 2015 Declaration of Elinor E. Blomgren.

3

Motion for Preliminary Injunction, Asset Freeze, and Other Equitable Relief as to Defendant Barnes [#15] ("Barnes Stip.").)

## II.  WORK WITH TROY BARNES, INC. AND ACHIEVE INTERNATIONAL, LLC WERE SERVED BUT HAVE FAILED TO APPEAR OR RESPOND.

Defendant Work With Troy Barnes, Inc. ("WWTB") and Relief Defendant Achieve International, LLC ("Achieve International") have been properly served but, unlike the individual defendants, have failed to respond to this action. The TRO Order provided that service could be made by, *inter alia*, mail or e-mail, and made on the entities' registered agents, officers, or directors. (*See* TRO Order [#10] at 12.) On February 17, 2015, the pleadings in this case – including the complaint, summonses, and TRO Motion – were served by overnight mail on WWTB and Achieve International's registered agents. (*See* Blomgren Decl. ¶ 2 (confirmation of mailing); Second Felder Decl. ¶¶ 6, 11 (confirmation of registered agents).) The SEC received confirmation that the material was delivered on February 18, 2015. (*See* Blomgren Decl. ¶ 2.)[2]

In addition to serving the entities through their registered agents, Johnson and Barnes, who control WWTB and Achieve International, were also properly served. Barnes and Johnson are the named directors of WWTB, and Johnson is the individual who formed Achieve International as a limited liability company. (*See* Felder Decl. Ex. A (WWTB certificate of incorporation), Ex. C (Achieve International articles of

---

[2] On February 17, 2015, the pleadings were also mailed by overnight mail to the principal office address for Achieve International. (*See* Pinkston Decl. ¶ 4 (confirmation of mailing); Second Felder Decl. ¶ 11 (confirmation of address).) The SEC received confirmation that the material was delivered on February 18, 2015. (*See* Pinkston Decl. ¶ 4.)

organization).) Moreover, the SEC is not aware of any individual, other than Barnes and Johnson, who manage the entities or have acted on their behalf. (*See* Second Felder Decl. ¶¶ 9, 14.) Barnes and Johnson have been served, both by overnight mail and e-mail. (*See* Pinkston Decl. ¶¶ 2-4.) And it is undisputed that Barnes and Johnson have notice of this action: in addition to being served, both have filed, personally or through counsel, pleadings in the case. (*See* Johnson Stip. [#14]; Barnes Stip. [#15].)

Despite repeated notice of this action, neither WWTB nor Achieve International have retained counsel or otherwise appeared in the case. Nor did either entity file a response to the SEC's motion for preliminary injunction by the February 19, 2015 deadline, despite being ordered to do so. (*See* Minute Order [#12].)[3] For these reasons, the SEC anticipates that neither WWTB nor Achieve International will appear at the February 24, 2015 show cause hearing.

### III. EXTENSION OF THE TEMPORARY RELIEF PREVIOUSLY GRANTED IS APPROPRIATE.

If the entities do not appear at the show cause hearing, the SEC will respectfully request that the Court enter a preliminary injunction order and extend the temporary relief granted in the Court's TRO order as to the entities, due to their failure to show cause why such relief should not be granted.

If the entities do appear at the show cause hearing, the SEC will also request the Court enter a preliminary injunction order and extend the temporary relief granted in the

---

[3] WWTB and Achieve International received notice of the Court's February 17 Minute Order requiring a response. The Minute Order was sent by overnight mail to WWTB and Achieve International's registered agents. (*See* Pinkston Decl. ¶ 5.) In addition, the Minute Order was e-mailed to Barnes and Johnson. (*See* Heinke Decl. ¶ 8 & Ex. F.)

Court's TRO order, in light of the significant evidence of the entities' involvement in the illegal Ponzi scheme, the entities' failure to respond to the SEC's motion for a preliminary injunction by the court-ordered deadline, and the fact that Johnson and Barnes, who control the entities, have confirmed that they would invoke their Fifth Amendment privileges, making an adverse inference against the entities regarding their role in the illegal Ponzi scheme appropriate.[4]

---

[4] It is well established that silence in the face of an accusation in the civil context is a relevant fact that is not barred from evidence. The seminal case in this area is *Baxter v. Palmigiano*, 425 U.S. 308 (1976). In Baxter, the Supreme Court described the "prevailing rule" as holding "that the Fifth Amendment does not forbid adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them." *Id.* at 318; *see also Eagle Hosp. Physicians*, LLC v. SRG Consulting, Inc., 561 F.3d 1298, 1304-05 (11th Cir. 2009) (finding that the trial court assigned proper evidentiary weight to a defendant's silence in a civil case); *Greviskes v. Universities Research Ass'n, Inc.*, 417 F.3d 752, 758 (7th Cir. 2005) ("[T]he district court is permitted to draw negative inferences from the assertion of privileges...."); *Aptix Corp. v. Quickturn Design Sys., Inc.*, 269 F.3d 1369, 1374 (Fed. Cir. 2001) ("[T]rial court was free to make adverse inferences . . . ."); *Curtis v. M&S Petroleum, Inc.*, 174 F.3d 661, 674 (5th Cir. 1999) ("Plaintiffs were entitled to an instruction from the court permitting the jury to draw an adverse inference from Mr. Barrett's refusal to testify."); *SEC v. Graystone Nash, Inc.*, 25 F.3d 187, 190 (3d Cir. 1994) ("[R]eliance on the Fifth Amendment in civil cases may give rise to an adverse inference against the party claiming its benefit."); *SEC v. Colello*, 139 F.3d 674, 677 (9th Cir. 1998) (finding summary judgment disposition appropriate where Colello "refused to give the information necessary to determine whether he still possessed any of the funds or whether he had a legitimate claim to them").

DATED: February 23, 2015.

                                              Respectfully submitted,

                                              s/ Nicholas P. Heinke
                                              Nicholas P. Heinke
                                              Gregory A. Kasper
                                              Attorneys for Plaintiff
                                              U.S. Securities and Exchange Commission
                                              1961 Stout Street, Suite 1700
                                              Denver, CO 80294-1961
                                              (303) 844-1071 (Heinke)
                                              (303) 844-1026 (Kasper)
                                              HeinkeN@sec.gov
                                              KasperG@sec.gov

## CERTIFICATE OF SERVICE

I certify that on February 23, 2015 a copy of the foregoing document was served via overnight mail and e-mail, upon the following:

Achieve International, LLC
14300 E. Marina Dr. #311
Aurora CO 80014

United States Corporation Agents, Inc.
Registered Agents for Achieve International, LLC
2 North Cascade, Suite 1100
Colorado Springs, CO 80903

Troy Alex Barnes
14739 Parkview St
Riverview, MI 48193
Troybarnes53@gmail.com

Work with Troy Barnes, Inc.
33115 Warren Road
Building 2, Suite 211
Westland, MI 48185
workwithtroybarnes@gmail.com

Harvard Business Services, Inc.
Registered Agents for
Work With Troy Barnes, Inc.
16192 Coastal HWY
Lewes, DE 19958

Kristine Louise Johnson
14300 E. Marina Dr. #311
Aurora, CO 80014
kljh@dsl.pipex.com
kjinvest.kj@gmail.com

David A. Zisser, Esq.
Davis, Graham & Stubbs LLP
1550 17th Street, Suite 500
Denver, CO 80202
(Counsel for Kristine Louise Johnson)

                                                <u>s/Marla J. Pinkston</u>
                                                Marla J. Pinkston