IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00299-REB-CBS

UNITED STATES SECURITIES
AND EXCHANGE COMMISSION,

        Plaintiff,

        v.

KRISTINE L. JOHNSON,
TROY A. BARNES, and
WORK WITH TROY BARNES, INC. (d/b/a THE ACHIEVE COMMUNITY),

        Defendants,

and

ACHIEVE INTERNATIONAL, LLC,

        Relief Defendant.

## MOTION TO PERMIT TELEPHONIC TESTIMONY

Pursuant to Federal Rule of Civil Procedure 43(a), Plaintiff United Stated Securities and Exchange Commission ("SEC") hereby moves the Court for an order permitting certain witnesses to testify by telephone at the upcoming show cause hearing, should their testimony be necessary. In support of its motion, the SEC states as follows:

        1.      On February 12, 2015, the Court entered a Temporary Restraining Order and asset freeze and set this matter for a show cause hearing on Tuesday, February

24, 2015 at 9:00 a.m., for defendants to show cause why the Court should not enter a preliminary injunction order and extend the temporary relief granted until final adjudication on the merits.

2. As detailed in the SEC's Brief in Further Support of its Motion for Preliminary Injunction, filed earlier today, Defendant Johnson and Defendant Barnes have stipulated to the entry of a preliminary injunction against them, and Defendant Work With Troy Barnes, Inc. ("WWTB") and Achieve International, LLC ("Achieve International") have not appeared or otherwise responded. The SEC anticipates the entities will not appear at the show cause hearing.

3. If WWTB and Achieve International do not appear at the show cause hearing, the SEC does not intend to present any evidence, but rather intends to ask the Court to extend the temporary relief previously granted in light of the entities failure to appear and show cause.

4. In the unlikely event that either (1) the entities appear at the show cause hearing, or (2) the Court wishes to hear evidence in support of the SEC's motion for preliminary injunction, the SEC has two witnesses who are not local to Colorado, but rather reside in Washington, D.C. and North Carolina, respectively. Given the remote chance that their testimony will be necessary, as well as their location, it would be a significant inconvenience to require their travel to Colorado for the hearing.

5. For these reasons, the SEC respectfully requests that, in the unlikely event testimony from these out-of-town witnesses should be necessary at the hearing, their testimony be permitted to be presented telephonically.

**CERTIFICATION UNDER LOCAL RULE 7.1A**

Undersigned counsel has conferred with counsel for Defendant Johnson, and with Defendant Barnes. Defendant Barnes does not object to the motion. Counsel for Defendant Johnson does object to the motion.

DATED: February 23, 2015

Respectfully submitted,

s/ Nicholas P. Heinke
Nicholas P. Heinke
Gregory A. Kasper
Attorneys for Plaintiff
U.S. Securities and Exchange Commission
1961 Stout Street, Suite 1700
Denver, CO 80294-1961
(303) 844-1071 (Heinke)
(303) 844-1026 (Kasper)
HeinkeN@sec.gov
KasperG@sec.gov

<u>CERTIFICATE OF SERVICE</u>

I certify that on February 23, 2015 a copy of the foregoing document was served via overnight mail and e-mail, upon the following:

Achieve International, LLC
14300 E. Marina Dr. #311
Aurora CO 80014

United States Corporation Agents, Inc.
Registered Agents for Achieve International, LLC
2 North Cascade, Suite 1100
Colorado Springs, CO 80903

Troy Alex Barnes
14739 Parkview St
Riverview, MI 48193
Troybarnes53@gmail.com

Work with Troy Barnes, Inc.
33115 Warren Road
Building 2, Suite 211
Westland, MI 48185
workwithtroybarnes@gmail.com

Harvard Business Services, Inc.
Registered Agents for
Work With Troy Barnes, Inc.
16192 Coastal HWY
Lewes, DE 19958

Kristine Louise Johnson
14300 E. Marina Dr. #311
Aurora, CO 80014
kljh@dsl.pipex.com
kjinvest.kj@gmail.com

David A. Zisser, Esq.
Davis, Graham & Stubbs LLP
1550 17th Street, Suite 500
Denver, CO 80202
(Counsel for Kristine Louise Johnson)

                                                 s/Marla J. Pinkston
                                                 Marla J. Pinkston