**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:15-cv-00299-REB-CBS

**UNITED STATES SECURITIES
AND EXCHANGE COMMISSION,**

      Plaintiff,

v.

**KRISTINE L. JOHNSON,
TROY A. BARNES, and
WORK WITH TROY BARNES, INC. (d/b/a THE ACHIEVE COMMUNITY),**

      Defendants,

**and**

**ACHIEVE INTERNATIONAL, LLC,**

      Relief Defendant.

_____

**OPPOSITION OF DEFENDANT KRISTINE L. JOHNSON
TO PLAINTIFF'S MOTION TO PERMIT TELEPHONE TESTIMONY**
_____

Defendant Kristine L. Johnson, through her attorneys, Davis Graham & Stubbs LLP, submits this opposition to the Plaintiff's Motion to Permit Telephone Testimony.

**I.     BACKGROUND**

This is an enforcement action brought by the Securities and Exchange Commission against two individuals, Kristine L. Johnson and Troy A. Barnes, and two entities, Work with Troy Barnes, Inc., and Achieve International, LLC.[1]

---

[1] Achieve International, LLC is named only as a relief defendant.

On *ex parte* motion, on February 12, 2015, the Court entered a temporary restraining order and asset freeze and other relief against all defendants. In its order granting the temporary restraining order, the Court scheduled a hearing for February 24, 2015 at 9:00 a.m. for the Defendants to show cause why a preliminary injunction and other preliminary relief should not be entered, Doc. No. 10, page 13.

Both Ms. Johnson and Mr. Barnes have stipulated to an order for preliminary injunction, asset freeze, and other equitable relief, and it is not anticipated that any of the proceedings at the hearing on the order to show cause on February 24 will relate to Ms. Johnson.

Neither entity defendant has appeared. Therefore, it is anticipated that the Plaintiff will pursue preliminary injunctive relief, and seek to extend the temporary restraining order, with respect to the two entity defendants.

The Plaintiff has filed a Motion for Leave to Adduce Testimony Telephonically if such testimony is needed. Neither the identification of the possible witnesses who may be called telephonically, nor the subject matter of their testimony has been identified.

Ms. Johnson now opposes the Plaintiff's Motion for Leave to Take Telephonic Testimony.

**II.   MS. JOHNSON OBJECTS TO TELEPHONIC TESTIMONY ONLY TO THE EXTENT THAT SUCH TESTIMONY MIGHT BE ADMISSIBLE IN SUPPORT OF CLAIMS AGAINST HER.**

Plaintiff's counsel's certification under LCivR 7.1A does not fully describe Ms. Johnson's position.

As reflected by a series of electronic mail communications on February 23, 2015, appended hereto as Exhibit A, Ms. Johnson has no objection to the Court allowing telephone

testimony in support of any relief sought against the two entity defendants (or Mr. Barnes), so long as that testimony would not be offered against Ms. Johnson. The Plaintiff refused that limitation on the use of any telephonic testimony taken at the February 24, 2015 hearing.

Ms. Johnson's position remains unchanged. So long as any testimony taken by telephone at the February 24, 2015 hearing is not offered against Ms. Johnson, she has no objection to allowing such testimony. Ms. Johnson does not suggest that whatever witnesses may be called to testify telephonically tomorrow would be precluded from offering evidence against Ms. Johnson; evidence from such witnesses would simply have to be put in admissible form, either through a deposition or live testimony.

**III.     THE PLAINTIFF HAS FAILED TO SHOW SUFFICIENT CAUSE TO ALLOW TELEPHONIC TESTIMONY AS REQUESTED.**

F.R.C.P. 43(a) allows testimony to be received in open court by contemporaneous transmission from a different location. However, testimony in open court through contemporaneous transmission is disfavored and should be allowed only in compelling circumstances with appropriate safeguards.

A court's decision to allow testimony in open court from a different location is committed to the Court's discretion. *Eller v. Transunion, LLC,* 739 F.3d 467, 477 (10th Cir. 2013). However, the proponent of the telephonic testimony must demonstrate good cause. *Eller,* 739 F. 3d at 477-38; *Predator International, Inc. v. Gamo Outdoor USA, Inc.,* 2014 WL 358866, at *4 (D. Colo. Jan. 31, 2014).

The Plaintiff has failed to show good cause for allowing telephonic testimony in this case. It has not demonstrated compelling circumstances or appropriate safeguards as required by Rule 43(a). Neither the witnesses which the Plaintiff may call nor the subject matter of their

testimony have been identified. The Plaintiff has not stated when the possible need for these witnesses became known to it. The only cause offered by Plaintiff in support of its motion is that these unidentified potential witnesses would be inconvenienced if they were required to travel to Colorado for the hearing. Doc. No. 19, p. 2 of 5. However, the inconvenience to a witness does not establish good cause within the meaning of Rule 43(a). *Predator International, Inc.,* at *4; Rule 43.

Plaintiff has failed to meet its burden of establishing good cause to allow testimony in open court by contemporaneous transmission from a different location pursuant to F.R.C.P. 43(a), and, therefore, its Motion to Permit Telephonic Testimony should be denied.

Dated this 23rd day of February, 2015.

        Respectfully submitted,

        s/ David A. Zisser
_____
David A. Zisser
DAVIS GRAHAM & STUBBS LLP
1550 17th Street, Suite 500
Denver, Colorado   80202
(303) 892-9400 - Main
(303) 892-7256 – Direct
(303) 893-1379 - Fax
Email: david.zisser@dgslaw.com

ATTORNEYS FOR DEFENDANT
KRISTINE L. JOHNSON

- 5 -

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of February, 2015, I electronically filed the foregoing OPPOSITION OF DEFENDANT KRISTINE L. JOHNSON TO PLAINTIFF'S MOTION TO PERMIT TELEPHONE TESTIMONY with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Nicholas P. Heinke
Gregory A. Kasper
U.S. Securities and Exchange Commission
1961 Stout Street, Suite 1700
Denver, CO  80294-1961

<u>Via U.S. Mail or E-Mail to</u>:

Achieve International, LLC
14300 E. Marina Dr. #311
Aurora, CO  80014

United States Corporation Agents, Inc.
Registered Agents for Achieve International, LLC
2 North Cascade, Suite 1100
Colorado Springs, CO  80903

Troy Alex Barnes
14739 Parkview St.
Riverview, MI  48193
Troybarnes53@gmail.com

Work with Troy Barnes, Inc.
33115 Warren Road
Building 2, Suite 211
Westland, MI  48185
workwithtroybarnes@gmail.com

Harvard Business Services, Inc.
Registered Agents for Work With Troy Barnes, Inc.
16192 Coastal HWY
Lewes, DE  19958

                                              s/  Susan Tablack
                                         _____
                                           Susan Tablack