**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 15-cv-00299-REB-CBS

UNITED STATES SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

KRISTINE L. JOHNSON,
TROY A. BARNES, and
WORK WITH TROY BARNES, INC. (d/b/a THE ACHIEVE COMMUNITY),

    Defendants,

and

ACHIEVE INTERNATIONAL, LLC,

    Relief Defendant.

**ORDER GRANTING PRELIMINARY INJUNCTION,
ASSET FREEZE, AND OTHER EQUITABLE RELIEF
AS TO DEFENDANT WORK WITH TROY BARNES, INC.**

**Blackburn, J.**

The matter before me is **Plaintiff United States Securities and Exchange Commission Emergency Motion for an Order Granting an *Ex Parte* Asset Freeze, Temporary Restraining Order, and Other Emergency Relief** [#4],[1] filed February 12, 2015. The motion seeks an order (1) freezing funds and other assets of Defendants Kristine L. Johnson, Troy Barnes, and Work With Troy Barnes, Inc., and Relief Defendant Achieve International, LLC, wherever located, which are derived directly or

---

[1] "[#4]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

indirectly from any investor funds obtained by or on behalf of Defendants or Relief Defendant in connection with the scheme alleged in the SEC's Complaint; (2) prohibiting Defendants and Relief Defendant from the acceptance, deposit, or disbursement of additional funds from investors or potential investors; (3) enjoining Defendants from violations of the antifraud provisions of the federal securities laws; (4) requiring Defendants and Relief Defendant to provide an accounting of investor funds and other assets; (5) prohibiting the destruction or alteration of documents; (6) providing for expedited discovery; and (7) providing alternative service by the Commission.  On February 12, 2015, the court issued a temporary restraining order against Defendants and Relief Defendant on those terms. (**Asset Freeze, Temporary Restraining Order, and Order Granting Other Emergency Relief and Setting Preliminary Injunction Hearing** [#10], filed February 12, 2015.)

By that same order, the court directed Defendants and the Relief Defendant to appear at a hearing on February 24, 2015, to show cause why the court should not enter a preliminary injunction and order preliminary relief against Defendants and Relief Defendant pursuant to Rule 65 of the Federal Rules of Civil Procedure and extend the temporary relief granted until a final adjudication on the merits.  (*See id.*)  Defendant Work With Troy Barnes, Inc. did not file a response to the SEC's motion for preliminary injunction, as ordered by the court.  (**Minute Order** [#12], filed February 17, 2015.)  Nor did Defendant Work With Troy Barnes, Inc. appear at the show cause hearing on February 24, 2015, despite adequate notice of the proceeding.

The court has considered the entire record of this case, including the **Complaint** [#1], filed February 12, 2015; **Plaintiff's Memorandum of Law In Support of its Emergency Motion for an Order Granting an *Ex Parte* Asset Freeze, Temporary Restraining Order, and Other Emergency Relief** [#6], filed February 12, 2015, including the Declarations of Jeffrey D. Felder, Helena M. Engelhart, Kerry M. Matticks, and Carmen Taveras, Ph.D., all attached exhibits, and the Certification of Counsel pursuant to Federal Rule of Civil Procedure 65(b) appended thereto; and **Plaintiff's Brief in Further Support of its Motion for Preliminary Injunction** [#18], filed February 23, 2015, including the Second Declaration of Jeffrey D. Felder and the Declarations of Marla J. Pinkston, Elinor E. Blomgren, and Nicholas P. Heinke appended thereto.

Based on the record, and Defendant Work With Troy Barnes, Inc.'s failure to show cause why the court should not enter a preliminary injunction and order preliminary relief, the court finds and concludes as follows:

1. That the court has jurisdiction over the subject matter of this action and over Defendant Work With Troy Barnes, Inc.;

2. That the SEC has made a sufficient and proper showing in support of the relief granted herein, as required by Section 20(b) of the Securities Act of 1933 ("Securities Act") (codified at15 U.S.C. § 77t(b)) and Section 21(d)(1) of the Securities Exchange Act of 1934 ("Exchange Act") (codified at 15 U.S.C. § 78u(d)(1)) by establishing a prima facie case for each of the violations alleged in the Complaint and a strong likelihood that the SEC will prevail at trial on the merits and that Defendant Work

With Troy Barnes, Inc., directly or indirectly, has engaged in and, unless restrained and enjoined by order of this court, will continue to engage in acts, practices, and courses of business constituting violations of Section 17(a) of the Securities Act (codified at 15 U.S.C. §§ 77e and 77q(a)), Section 10(b) of the Exchange Act (codified at 15 U.S.C. §§ 78j(b) and 78o), and/or Exchange Act Rule 10b-5 thereunder (codified at 17 C.F.R. § 240.10b-5);

     3.  That there is good cause to believe that, unless restrained and enjoined by order of this court, Defendant Work With Troy Barnes, Inc. will dissipate, conceal, or transfer from the jurisdiction of this court assets that could be subject to an order directing disgorgement or the payment of civil money penalties in this action, and that unless restrained Defendant Work With Troy Barnes, Inc. will continue to accept funds from investors;

     4.  That there is good cause to believe that, unless restrained and enjoined by order of this court, Defendant Work With Troy Barnes, Inc. may alter or destroy documents relevant to this action;

     5.  That there is good cause to believe that an accounting is necessary to identify the source, location, and use of funds obtained from investors; and

     6.  That there is good cause to believe that expedited discovery and alternative means of service are warranted.

     **THEREFORE, IT IS ORDERED** as follows:

     1.  That, pending trial on the merits or further order of the court, Defendant Work With Troy Barnes, Inc. and its officers, directors, subsidiaries, affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or

participation with it who receive actual notice of this order by personal service or otherwise, and each of them, are enjoined and restrained from, directly or indirectly, in the offer or sale of any security by the use of any means or instruments of transportation, or communication in interstate commerce or by the use of the mails:  (1) employing any device, scheme, or artifice to defraud; or (2) obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or (3) engaging in any transaction, practice, or course of business that operates or would operate as a fraud or deceit upon the purchaser in violation of Section 17(a) of the Securities Act of 1933 (codified at 15 U.S.C. § 77q(a));

      2.  That, pending trial on the merits or further order of the court, Defendant Work With Troy Barnes, Inc. and its officers, directors, subsidiaries, affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with it who receive actual notice of this order by personal service or otherwise, and each of them, are enjoined and restrained from directly or indirectly, by the use of any means or instrumentality of interstate commerce or of the mails or of any facility of any national securities exchange in connection with the purchase or sale of any security:  (1) employing any device, scheme, or artifice to defraud; (2) making any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or (3) engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person in violation of Section

10(b) of the Securities Exchange Act of 1934 (codified at 15 U.S.C. § 78j(b)) and Rule 10b-5 thereunder (codified at 17 C.F.R. 240.10b-5);

    3. That, pending trial on the merits or further order of the court, Defendant Work With Troy Barnes, Inc. is prohibited, directly or indirectly, from accepting funds from investors for investment in any investment program; provided, furthermore, that Defendant Work With Troy Barnes, Inc. and its officers, directors, subsidiaries, affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with it who receive actual notice of this order by personal service or otherwise, and each of them, shall refrain from accepting, taking control of, or depositing in any financial institution, funds from investors;

    4. That, pending trial on the merits or further order of this court:

        a. The assets, funds, or other property of Defendant Work With Troy Barnes, Inc., wherever located, which derive, directly or indirectly, from any investor funds obtained by or on behalf of the Defendants or Relief Defendant in connection with the scheme alleged in the SEC's Complaint, are frozen;

        b. Defendant Work With Troy Barnes, Inc. and its officers, directors, subsidiaries, affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with it who receive actual notice of this order by personal service or otherwise, and each of them, shall hold and retain within their control, and otherwise prevent any disposition, transfer, pledge, encumbrance, assignment, dissipation, concealment, or other disposal whatsoever of any of their funds or other

assets or things of value presently held by them, under their control or over which they exercise actual or apparent investment or other authority, in whatever form such assets may presently exist and wherever located, which derive, directly or indirectly, from any investor funds obtained by or on behalf of the Defendants and Relief Defendant in connection with the scheme alleged in the SEC's Complaint;

c.  Any bank, financial or brokerage institution or other person or entity holding any funds, securities, or other assets which derive, directly or indirectly, from any investor funds obtained by or on behalf of the Defendants or Relief Defendant in connection with the scheme alleged in the SEC's Complaint, held in the name of, for the benefit of, or under the control of Defendant Work With Troy Barnes, Inc. or its officers, directors, subsidiaries, affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with it, and each of them, shall hold and retain within their control and prohibit the withdrawal; and removal, transfer or other disposal of any such funds or other assets; and

d.  No person or entity, including Defendant Work With Troy Barnes, Inc. or any creditor or claimant against Defendant Work With Troy Barnes, Inc., or any person acting on behalf of such creditor or claimant, shall take any action to interfere with the asset freeze, including, but not limited to, the filing of any lawsuits, liens, or encumbrances, or bankruptcy cases to impact the property and assets subject to this order; provided, however, that any party or non-party may seek leave from this order on a proper

showing;

5. That Defendant Work With Troy Barnes, Inc., is prohibited from destroying or altering records; provided, further, that pending trial on the merits or further order of the court, Defendant Work With Troy Barnes, Inc. and its officers, directors, subsidiaries, affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with it who receive actual notice of this order by personal service or otherwise, and each of them, are hereby restrained from destroying, mutilating, concealing, altering, or disposing of any document referring or relating in any manner to any transactions described in the SEC's Complaint in this action, or any communications between or among any of the Defendants and Relief Defendant; and that as used in this order, "document" means the original and all non-identical copies (whether non-identical because of handwritten notation or otherwise) of all written or graphic matter, however produced, and any other tangible record, or electronic data compilation capable of reproduction in tangible form, including, without limitation, computer data, e-mail messages, correspondence, memoranda, minutes, telephone records, reports, studies, telexes, diaries, calendar entries, contracts, letters of agreement, and including any and all existing drafts of all documents;

6. That service of this Order may be made by facsimile, mail, e-mail, delivery by commercial courier, or personally by any employee of the Securities and Exchange Commission who is not counsel of record in this matter, or special process server, or any other person, or in any other manner authorized by Rule 5 of the Federal Rules of Civil Procedure and may be made on any registered agent, officer, or director of Defendant or Relief Defendant, or by publication;

    7.  That nothing in this Order alters or eliminates the extant provisions of the court's **Asset Freeze, Temporary Restraining Order, and Order Granting Other Emergency Relief and Setting Preliminary Injunction Hearing** [#10], filed February 12, 2015, requiring Defendant Work With Troy Barnes, Inc. to provide a sworn accounting, ordering expedited discovery, or providing for alternative means of service; and

    8.  That the court shall retain jurisdiction of this matter for all purposes.

Dated February 24, 2015, in Denver, Colorado.

                                               **BY THE COURT:**

*/s/ Robert E. Blackburn*
Robert E. Blackburn
United States District Judge