IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00299-REB-CBS

UNITED STATES SECURITIES AND EXCHANGE COMMISSION,
      Plaintiff,
v.

KRISTINE L. JOHNSON,
TROY A. BARNES, and
WORK WITH TROY BARNES, INC. (d/b/a THE ACHIEVE COMMUNITY),
      Defendants,
and

ACHIEVE INTERNATIONAL, LLC,
      Relief Defendant.

---

## ORDER TO SHOW CAUSE

---

Magistrate Judge Craig B. Shaffer

      This civil action comes before the court regarding the failure of Defendant Work With

Troy Barnes, Inc. ("WWTB") and Relief Defendant Achieve International, LLC ("Achieve

International") to appear through counsel at the Status Conference held on June 3, 2015.

Pursuant to the Order Referring Case dated May 1, 2015, this civil action was referred to the

Magistrate Judge to, *inter alia*, "convene a scheduling conference" and "enter a Scheduling

Order."   (*See* Doc. # 38).   The court has reviewed the entire case file and the applicable law

and is sufficiently advised in the premises.

      The Complaint filed on February 12, 2015 alleges three claims for relief for fraud and

equitable disgorgement based upon violations of the Securities Act of 1933, 15 U.S.C.

77q(a), Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. 78j(b), and Rule

10b-5 of the Code of Federal Regulations, 17 C.F.R. § 10b-5.   (*See* Doc. # 1).   Pursuant to

Rule 16 of the Federal Rules of Civil Procedure, "[i]n any action, the court may order the attorneys and any unrepresented parties to appear for one or more pretrial conferences . . . ." Fed. R. Civ. P. 16(a).   The court set a Status Conference for June 3, 2015 by a Minute Order dated May 18, 2015.   (*See* Doc. # 41).   The court's records indicate that neither WWTB's nor Achieve International's copies of the Minute Order were returned to the court as undeliverable.   The court held the Status Conference on June 3, 2015 at 11:10 a.m. Defendant WWTB and Relief Defendant Achieve International did not appear and have not contacted the court to explain their failure to appear.

First, "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: (A) fails to appear at a scheduling or other pretrial conference; . . ."   Fed. R. Civ. P. 16(f).   Sanctions may include default judgment against the disobedient party.   *See* Fed. R. Civ. P. 379b)(2)(A).   Second, pursuant to the Local Rules of Practice for the United States District Court for the District of Colorado,

> a corporation, partnership or other legal entity . . . may not appear without counsel admitted to the bar of this court, and [ ] absent prompt appearance of substitute counsel, pleadings and papers may be stricken, and default judgment or other sanctions may be imposed against the entity.

D.C.COLO.LAttyR 5.   WWTB and Achieve International failed to appear through counsel at the June 3, 2015 Status Conference.

Accordingly, IT IS ORDERED that **Defendant Work With Troy Barnes, Inc. and Relief Defendant Achieve International LLC shall show cause in writing on or before Thursday, July 2, 2015** why a default judgment or other sanctions should not be imposed against them for failure to comply with a court order and the Local Rules of Practice for the United States District Court for the District of Colorado.   **Defendant Work With Troy**

**Barnes, Inc. and Relief Defendant Achieve International LLC are hereby warned that failure to respond to this Order to Show Cause on or before Tuesday July 2, 2015 may result in a default judgment or other sanctions against them without further notice.**

DATED at Denver, Colorado this 16th day of June, 2015.

BY THE COURT:

    s/ Craig B. Shaffer
United States Magistrate Judge