IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00299-REB-CBS

UNITED STATES SECURITIES AND EXCHANGE COMMISSION,
        Plaintiff,
v.

KRISTINE L. JOHNSON,
TROY A. BARNES, and
WORK WITH TROY BARNES, INC. (d/b/a THE ACHIEVE COMMUNITY),
        Defendants,
and

ACHIEVE INTERNATIONAL, LLC,
        Relief Defendant.

─────────────────────────────────────────────────────────────

ORDER TO SHOW CAUSE
─────────────────────────────────────────────────────────────

Magistrate Judge Craig B. Shaffer

        This civil action comes before the court regarding the failure of Defendant Troy A.

Barnes to appear at the Status Conference held on June 3, 2015.   Pursuant to the Order

Referring Case dated May 1, 2015, this civil action was referred to the Magistrate Judge to,

*inter alia*, "convene a scheduling conference' and "enter a Scheduling Order."   (*See* Doc. #

38).   The court has reviewed the entire case file and the applicable law and is sufficiently

advised in the premises.

        The Complaint filed on February 12, 2015 alleges three claims for relief for fraud and

equitable disgorgement based upon violations of the Securities Act of 1933, 15 U.S.C.

77q(a), Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. 78j(b), and Rule

10b-5 of the Code of Federal Regulations, 17 C.F.R. § 10b-5.   (*See* Doc. # 1).   The court

set a Status Conference for June 3, 2015 by a Minute Order dated May 18, 2015.   (*See*

Doc. # 41).   The court's records indicate that Mr. Barnes's copy of the Minute Order was not returned to the court as undeliverable.   The court held the Status Conference on June 3, 2015 at 11:10 a.m.   Defendant Barnes did not appear and has not contacted the court to explain his failure to appear.

A judicial finding of civil contempt requires clear and convincing evidence (1) that a valid court order existed, (2) that the defendant had knowledge of the order, and (3) that the defendant disobeyed the order."   *FTC v. Kuykendall*, 371 F.3d 745, 756–57 (10th Cir. 2004) (internal quotation marks and citation omitted).   *See also United States v. Professional Air Traffic Controllers Org.*, 703 F.2d 443, 445 (10th Cir. 1983) (holding that "proof of [civil] contempt must be clear and convincing").   Once a prima facie case is established, the burden shifts to the alleged contemnor to produce evidence at a show-cause hearing that he either did not violate the court order or was excused from complying.   *Chairs v. Burgess*, 143 F.3d 1432, 1436 (11th Cir. 1998).   A contemnor may be excused from complying by demonstrating his inability to comply, but satisfying this burden requires proof "beyond the mere assertion of an inability."   *Id.*   Instead, he must show that he has made "in good faith all reasonable efforts to comply."   *Id.*

**IT IS ORDERED that Defendant Troy A. Barnes shall show cause in writing on or before Thursday, July 2, 2015 why he should not be held in contempt for failure to comply with the court's order setting the Status Conference.**

DATED at Denver, Colorado this 16th day of June, 2015.

BY THE COURT:


___s/ Craig B. Shaffer_____
United States Magistrate Judge

2