IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:15-cv-00299-REB-CBS

UNITED STATES SECURITIES
AND EXCHANGE COMMISSION,

     Plaintiff,

v.

KRISTINE L. JOHNSON,
TROY A. BARNES, and
WORK WITH TROY BARNES, INC. (d/b/a THE ACHIEVE COMMUNITY),

     Defendants,

and

ACHIEVE INTERNATIONAL, LLC,

     Relief Defendant.

_____

**PLAINTIFF'S OPPOSITION TO ARLA MENDENHALL'S
MOTION TO BE JOINED AS A PLAINTIFF**
_____

Plaintiff United States Securities and Exchange Commission (the "SEC") respectfully submits its opposition to Arla Mendenhall's motion to be joined as a plaintiff in this case. While the SEC is sympathetic to Ms. Mendenhall's position as an investor who was defrauded by the Defendants in this case, the SEC is not in a position to consent to her intervention, as that intervention could have the effect of placing Ms. Mendenhall's interests before the interest of other similarly-defrauded investors. By statute, such consent is required for Ms. Mendenhall to intervene. Moreover, Ms. Mendenhall has not met her burden to show that intervention is appropriate under

Federal Rule of Civil Procedure 24. For these reasons, and while the SEC will continue to prosecute this case in the interest of returning funds to investors in an equitable and efficient manner, the SEC respectfully opposes Ms. Mendenhall's motion.

**I.    BACKGROUND**

On February 12, 2015, the SEC filed its emergency motion for a Temporary Restraining Order and subsequently a Preliminary Injunction that would freeze the assets of Defendants and Relief Defendant, enjoin Defendants from violating the antifraud provisions of the federal securities laws, and order other relief. (*See* Doc. No. 4.) That same day, the Court entered a temporary restraining order and asset freeze. (*See* Doc. No. 10.) Both Johnson and Barnes have stipulated to a preliminary injunction and asset freeze (*see* Doc. Nos. 14, 15); Defendant Work With Troy Barnes, Inc. and Relief Defendant Achieve International, LLC have not yet responded to any of the SEC's papers or Court's orders. Immediately following the Court's granting of the TRO order, the SEC affected the asset freeze and to date has frozen over $2.5 million for the benefit and protection of investors. (*See* Second Felder Decl. ¶¶ 15-16 (Doc. No. 18-1).)

On June 3, 2015, the Court held a status conference on this matter at which Ms. Mendenhall indicated her intention to file a motion to join this case as a plaintiff. (Doc. No. 44.) On June 15, 2015, the SEC was served with Ms. Mendenhall's motion. (Doc. No. 45.) In sum, Ms. Mendenhall asks to be joined as a plaintiff in order to be recover the money she lost to the Defendants' fraud.

## II. ARGUMENT

### A. Ms. Mendenhall is Not Permitted to Intervene Under Section 21(g) of the Exchange Act.

Ms. Mendenhall is precluded from intervening in this matter by Section 21(g) of the Exchange Act, which states:

> Notwithstanding the provisions of section 1407(a) of Title 28, or any other provision of law, no action for equitable relief instituted by the Commission pursuant to the securities laws shall be consolidated or coordinated with other actions not brought by the Commission, even though such other actions may involve common questions of fact, unless such consolidation is consented to by the Commission.

15 U.S.C. § 78u(g). While not universal, numerous courts have held that this statute creates an "impenetrable wall" to intervention absent the consent of the Commission. *SEC v. Wozniak*, No. 92 C 4691, 1993 WL 34702, *1 (N.D. Ill. Feb. 8, 1993) (denying motion to intervene by victim of fraudulent scheme); *see also SEC v. Cogley*, No. 98CV802, 2001 WL 1842476, *3 (S.D. Ohio March 21, 2001) (reaching the "inescapable conclusion that Section 21(g) bars intervention"); *SEC v. Homa*, No. 99 C 6895, *1-2 (N.D. Ill. Sept. 29, 2000) (barring intervention under Section 21(g)); *SEC v. Egan*, 821 F. Supp. 1274, 1275-76 (N.D. Ill. 1993) (same); *cf. Parklane Hosiery Co. v. Shore*, 439 U.S. 322 n.17 (1979) ("[C]onsolidation of a private action with one brought by the SEC without its consent is prohibited by statute."). As one leading securities law treatise has put it, "[t]he trend is to deny [requests to intervene] unless the SEC consents to the intervention." Thomas Lee Hazen, *Treatise on Law of Sec. Regulation*, 6 Law. Sec. Reg. § 16.2 (2015).

While other courts have held that Section 21(g)'s wall is not "impenetrable," even those decisions have by-in-large made clear that intervention is inappropriate under facts such as these. Several cases have noted that Section 21(g) "does preclude intervention when the would-be intervenors attempt to recover from the very defendants the SEC is suing." *SEC v. Falor*, 270 F.R.D. 372, 375 (N.D. Ill. 2010) (citing cases) (quotation omitted). That is what Ms. Mendenhall seeks to do here. By contrast, courts have permitted intervention despite Section 21(g) in order to allow a non-party to challenge to issues in post-judgment proceedings, to protect its corporate voting rights, or to contest a receiver's actions. *See, e.g.*, *id.* at 374-75 (citing cases); *SEC v. Benger*, No. 09 C 0676, 2010 WL 724416, *8 (N.D. Ill. Feb. 23, 2010) (citing cases), *SEC v. Heartland Group, Inc.*, No. 01 C 1984, 2003 WL 1089366, *3 (N.D. Ill. March 23, 2003).

The reason for this distinction is clear. The impetus for Section 21(g) "was the SEC's and Congress's concern that private litigants frequently file actions that track the Commission's enforcement cases and seek to 'ride along on the Government's cases,'" which is "contrary to the 'public interest in securing prompt relief from violations of the securities laws" and in the effective enforcement of those laws." *Benger*, 2010 WL 724416, at *6. As the relevant Senate committee explained in enacting Section 21(g), "[p]rivate actions frequently will involve more parties and more issues than the Commission's enforcement action, thus greatly increasing the need for extensive pretrial discovery. In particular, issues related to ... scienter, causation, and the extent of damages, are elements not required to be demonstrated in a Commission injunctive action." S.Rep. No.94–75, at 76 (1975), 1975 U.S.C.C.A.N. 179, 254, *cited in* Aaron v.

SEC, 446 U.S. 680, 717 n.9 (1980) (Blackmun, J., concurring in part and dissenting in part); *see also SEC v. Hollinger Intern., Inc.*, No. 04 C 0336, 2004 WL 422729, *2 (N.D. Ill. March 2, 2004) ("The Senate also noted that the private plaintiffs' objective in filing suit was to receive damages and to adjudicate private disputes between citizens, which is very different than the objective of an SEC enforcement action – to fulfill the legislature's mandated scheme of law enforcement in the securities area.") (internal quotations omitted). Actions where court have permitted intervention despite Section 21(g) "did not pose the same kind of immediate threat to the effective enforcement of the securities laws as does consolidation or coordination with SEC actions where issues of liability and disgorgement have yet to be resolved." *Benger*, 2010 LW 724416, at *8.[1]

Here, Ms. Mendenhall seeks to intervene, before liability issues have been resolved, in order to sue the same defendants that the SEC is suing. Whether under the reasoning of cases like *Wozniak* – that Section 21(g) creates an "impenetrable wall" – or cases like *Falor* – that Section 21(g), while not absolute, does bar intervention where

---

[1] The SEC could not locate any Tenth Circuit authority on this issue. There have been a handful of district court cases from other states in the circuit holding that Section 21(g) does not absolutely bar intervention, but those cases are distinguishable in that they do not involve harmed investors attempting to sue the same defendants the SEC was suing. In any event, those cases generally denied intervention under Fed. R. Civ. P 24. *SEC v. Am. Pension Services, Inc.*, No. 2:14-cv-00309, 2015 WL 248575, (D. Utah Jan. 20, 2015) (movants objected to receiver's liquidation plan; Court ultimately denied motion to intervene because movants had not shown interests not adequately represented by receiver); *SEC v. Novus Tech., LLC*, No. 2:07 cv 0235, 2008 WL 115114 (D. Utah Jan. 10, 2008) (movant was large bank which intervened in an attempt to place constructive trust over money invested in Ponzi scheme that, it claimed, came from loans obtained from bank; Court ultimately denied intervention); *SEC v. Kings real Estate Investment Trust*, 222 F.R.D. 660 (D. Kan. 2004) (granting motion to intervene where individual claimed his investment was not made in the entity which was used to defraud investors, but rather was made in another entity).

the would-be intervenor seeks damages from the same defendants the SEC has sued – Ms. Mendenhall's request to intervene requires the SEC's consent.

While the SEC is sympathetic to Ms. Mendenhall's position as a defrauded investor – indeed, the reason the SEC sought an emergency restraining order and asset freeze was to halt this fraud and protect investor assets – it cannot consent to Ms. Mendenhall's request to intervene. There are myriad investors who were defrauded by Defendants. The SEC cannot consent to one investor's intervention, which could put her interests in front of other investors who suffered the same type of losses. Ultimately, the SEC is seeking to return assets to investors in an equitable and efficient manner, and permitting Ms. Mendenhall (or any other individual investor or group of investors) to intervene could frustrate that purpose. For these reasons, the SEC respectfully declines to consent to Ms. Mendenhall's request to intervene.

### B.   Ms. Mendenhall Has Not Met the Standard to Intervene Under the Federal Rules of Civil Procedure.

Even if the Court determines that Ms. Mendenhall's motion for intervention is not barred by Section 21(g), Ms. Mendenhall has not met the standard to intervene under Federal Rule of Civil Procedure 24. As the applicant, Ms. Mendenhall bears the burden of establishing the elements required under Rule 24. *See, e.g.*, *Benger,* 2010 WL 724416. Ms. Mendenhall's motion does not explain how she meets the elements for intervention, nor does she state whether she seeks intervention of right under Rule 24(a) or permissive intervention under Rule 24(b). Under either prong, however, intervention by an individual investor in an action where the SEC is suing to protect all investors is inappropriate. *See, e.g.*, *Am. Pension Services, Inc.*, 2015 WL 248575, at *

5-6 (denying motion to intervene under Rule 24(a) because movants' interests were adequately represented by receiver in SEC action; "while Movants interest in the proverbial 'pie' may differ from the interests of others wanting a slice, such adversity does not amount to proof of the Receiver's inadequate representation"); *SEC v. Qualified Pensions, Inc.*, No. Civ.A. 95-1746, 1998 WL 29496, *4 (D.D.C. Jan. 16, 1998) (denying motion to intervene under Rule 24(a) because movants' interests were adequately protected by SEC; "After all, the SEC exposed the fraud at the core of … this suit. It is statutorily commissioned to represent the interests of individual investors in the public at large …."); *SEC v. Credit Bankcorp, Ltd.*, 194 F.R.D. 457, 468 (S.D.N.Y. 2000) (intervention under Rule 24(a) inappropriate; "[W]hile the SEC may not have an interest in advancing the claims of one defrauded investor at the expense of the other, several courts have held that the SEC or other governmental agencies in analogous enforcement actions sufficiently represent investor interests.")[2]; *id.* (noting that intervention under Rule 24(b) "has been traditionally disfavored, given courts' hesitation to allow scores of investors and other interested persons from becoming full-fledged parties to governmental enforcement actions," although permitting it under particular circumstances of the case); *Novus Tech., LLC*, 2008 WL 115114 at *4 (denying motion to intervene under Rule 24(b) because it would likely invite intervention from all investors, which would complicate case).

---

[2] *But see Utah Assoc. of Cntys. v. Clinton*, 255 F.3d 1246, 1255–56 (10th Cir. 2001) (finding governmental representation insufficient because "[i]n litigating on behalf of the general public, the government is obligated to consider a broad spectrum of views, many of which may conflict with the particular interest of the would-be intervenor.")

### III. CONCLUSION

For all of these reasons, the Commission respectfully requests that Ms. Mendenhall's motion be denied.

Dated: July 2, 2015

        Respectfully submitted,

        *s/ Nicholas P. Heinke*
        Nicholas P. Heinke
        Gregory A. Kasper
        Attorneys for Plaintiff
        U.S. Securities and Exchange Commission
        1961 Stout Street, Suite 1700
        Denver, CO 80294-1961
        (303) 844-1071 (Heinke)
        (303) 844-1026 (Kasper)
        HeinkeN@sec.gov
        KasperG@sec.gov

        ATTORNEYS FOR PLAINTIFF
        UNITED STATES SECURITIES AND
        EXCHANGE COMMISSION

- 9 -

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of July, 2015 I electronically filed the forgoing document using the CM/ECF system which will send notification of such filing to the following:

David A. Zisser
JONES & KELLER, P.C.
1999 Broadway, Suite 3150
Denver, Colorado 80202
303.573.1600
dzisser@joneskeller.com
ATTORNEYS FOR DEFENDANT
KRISTINE L. JOHNSON

I further sent the forgoing document to the following by U.S. Mail:

Arla Mendenhall
601 E Saint Andrews Dr
Shelton, WA 98584

Troy A. Barnes
14739 Parkview St
Riverview, MI 48193

                                            *s/ Nicholas P. Heinke*
                                            Nicholas P. Heinke