IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00299-REB-CBS

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,

    Plaintiff,

v.

KRISTINE L. JOHNSON,
TROY A. BARNES, and
WORK WITH TROY BARNES, INC. (d/b/a THE ACHIEVE COMMUNITY),

    Defendants,

and

ACHIEVE INTERNATIONAL, LLC,

    Relief Defendant.
_____

[PROPOSED] CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER
_____

    Pursuant to the parties' Joint Motion for Entry of Confidentiality Agreement and Protective Order [#__], and after due consideration, the Court hereby **ORDERS** as follows:

    1.    The "Litigation" shall mean the above-captioned case, *United States Securities and Exchange Commission v. Kristine L. Johnson, et al.*, Civil Action No. 15-cv-00299-REB-CBS (D. Colo.).

    2.    The "Related Action" shall mean any criminal matters concerning facts and circumstances substantially similar to those involved in this case, regardless of whether such case or cases have been filed at the time of this Order.

    3.    The "Parties" shall mean and include all of the parties to the Litigation, whether *pro se* or through their counsel of record.

    4.    "Documents" or "information" shall mean and include any document (whether in hard copy or electronic form), records, responses to discovery, deposition

transcripts, tangible articles or things, whether documentary or oral, and other information provided, served, disclosed, filed, or produced, whether voluntarily or through discovery or other means, in connection with the Litigation.

5. "Producing Party" shall mean any person or entity who provides, serves, discloses, files, or produces any nonpublic documents or information in connection with the Litigation and/or the Related Action.

6. The Parties agree that, in conjunction with the Litigation, the Parties or any Producing Party may designate any document, thing, material, testimony, or other information derived therefrom (hereinafter collectively referred to as "information") as "CONFIDENTIAL" under the terms of this Confidentiality Agreement and Protective Order (the "Order").

7. Confidential information is information which has not been made public and which contains trade secret, proprietary and/or sensitive business or personal information.

8. Confidential documents may be so designated by marking or stamping copies of the document produced to a Party with the legend "CONFIDENTIAL." Marking or stamping the legend "CONFIDENTIAL" on the cover of any multi-page document shall designate all pages of the document as confidential, unless otherwise indicated by the Producing Party. Indicating confidential on the electronic file name of a document produced electronically, or in the name of an electronic file folder containing documents, shall also designate all contents of the electronic document or electronic file folder as confidential. Additional methods for designating documents confidential may be agreed to by the Parties as necessary.

9. Testimony taken at a deposition may be designated as confidential by any Party making a statement to that effect on the record at the deposition. Arrangements shall be made with the court reporter taking and transcribing such deposition to separately bind such portions of the transcript and deposition exhibits containing information designated as confidential, and to label such portions appropriately. Counsel for the Parties may also agree that an entire deposition transcript shall be designated confidential. In the alternative, counsel for a Party may designate a deposition or any portion thereof as confidential within ten 10 days of receipt of the transcript or within 10 days of entry of this Order, whichever is later.

10. A Party who receives confidential information from a Producing Party shall not publish such information to third parties other than the Parties except as permitted by, and in accordance with, the provisions of this Order. A Party who receives Confidential information from a Producing Party shall use such information solely for the purposes of the Litigation and/or the Related Action and shall not disclose such information to any person except:

a. A United States District Court ("<u>Court</u>") and persons assisting the Court or assisting in the Litigation or Related Action processes (including, but not limited to, court personnel, court reporters, stenographic reporters, videographers and electronic filing personnel);

b. The attorneys of record in the Litigation and the attorneys in the Related Action (even if the Related Action has yet to be filed and therefore the attorneys are not yet of record) and their co-shareholders, co-directors, partners, investigative attorneys, employees, associates, paralegals, secretaries, and other support staff who are assisting in the Litigation and/or Related Action (collectively hereafter referred to as "<u>Counsel</u>");

c. Any law enforcement officer working with Counsel;

d. A Party, or an officer, director, member, manager, employee, or representative of a Party deemed necessary by counsel to aid in the prosecution, defense, and settlement of the Litigation and/or the Related Action;

e. Third party witnesses, as may reasonably be necessary in preparation for deposition or trial testimony;

f. Experts or consultants and their staff, and litigation support personnel and their staff, retained by the Parties and/or Counsel in the Litigation and/or Related Action;

g. Support vendors or contractors retained by Counsel for functions directly related to the Litigation and/or the Related Action, such as copying, document management, and graphic design;

h. Any person identified on the face of any such confidential information as an author or as recipient thereof;

i. Any person who is determined to have been an author and/or previous recipient of the confidential information, but is not identified on the face thereof, provided there is prior evidence of actual authorship or receipt of the confidential information by such person prior to such person being shown any confidential information;

j. Any non-party engaged by the parties or appointed by the Court for purposes of acting as a Discovery Referee, Special Master, and/or neutral

arbitrator or mediator in any alternative dispute resolution procedures in which the Parties may participate;

k. Any distribution agent or receiver, including third-party entities, selected and/or retained in the Litigation and/or the Related Action for the ultimate purpose of distributing funds obtained as a result of, or in connection with, the Litigation and/or the Related Action;

l. this Order shall not prevent the U.S. Securities and Exchange Commission (the "Commission") from complying with its obligations under law concerning disclosure of documents, including but not limited to its published Routine Uses of Information in Forms 1661 and 1662, the Freedom of Information Act, and any other statutes or rules applicable to the Commission, or interfere with the Commission's use of information for law enforcement activities and to otherwise regulate, administer, and enforce the federal securities laws; and

m. Any person as ordered by the Court.

Before any person may receive disclosure pursuant to Section 10(c) through 10(g) above, they must understand and concur with their responsibility to maintain the confidentiality of the information pursuant to this Order. The persons designated in Section 10(e) & (f) above must sign Exhibit A to this Order before receiving confidential information and, for any such persons who have already received confidential information, such persons must sign Exhibit A within 10 days of entry of this Order, or must return the confidential information. The attorneys of record for the party making disclosure pursuant to Section 10(e) & (f) above shall retain the original Exhibits A that have been executed by those to whom disclosure has been made.

11. All designations of information as confidential by the Producing Party must be made in good faith. All Parties reserve the right to challenge the designation of information as confidential. In the event of such a challenge, the Producing Party has the burden of establishing the appropriateness of the confidential designation.

12. Nothing herein shall prevent a Party from freely using or disclosing information that such Party independently generated or obtained from a source other than disclosure or discovery from an opposing Party in this Litigation.

13. This Order is not, and shall not be deemed to constitute, a determination that any specific documents, item of information, or deposition actually constitutes or contains confidential information, and nothing herein shall prevent any party hereto from applying to the Court for, or shall present the Court from granting, relief from this Order or further protective orders.

14. The provisions of this Order are without prejudice to the Parties' rights to:

    a. Resist or compel discovery with respect to, or seek to obtain additional or different protection for, material claimed to be protected work product or privileged under applicable state or federal law, material as to which the producing party claims a legal obligation not to disclose, or material not required to be provided pursuant to applicable state or federal law; or

    b. Object to the use, relevance or admissibility at trial or otherwise of any material, whether or not designated in whole or in part as confidential information governed by this Order. This Order shall not govern the use or admissibility of any evidence at trial or the procedures for using such documents or information at trial.

15. The inadvertent production of any information without it being properly marked or otherwise designated shall not be deemed to waive any claim of confidentiality with respect to such information. If a Producing Party, through inadvertence, produces any confidential information without marking or designating it as such in accordance with the provisions of this Order, the Producing Party may, promptly on discovery of the inadvertent disclosure, furnish a substitute copy properly marked along with written notice to all Parties (or written notice alone as to non-documentary information) that such information is deemed confidential and should be treated as such in accordance with the provisions of this Order. Each receiving person must treat such information as confidential in accordance with the notice from the date such notice is received. Disclosure of such confidential information prior to the receipt of such notice, if known, shall be reported to the Producing Party and shall not be deemed a violation of this Order.

16. If, through inadvertence, the Producing Party produces or makes available to the other party for review Information that it believes is subject to a claim of attorney-client privilege, work product immunity, or any other privilege, in whole or in part, or learns of the production of privileged or protected information by a third party, the Producing Party or party asserting the privilege may retrieve such information as follows (unless the Parties dispute the applicability of the claimed privilege or protection, in which case the matter will be resolved either by the Parties or the Court, and in which case the obligations set forth below in subparagraphs b and c will be inapplicable):

    a. Within a reasonable time after producing the information (e.g., not the week before trial), the Producing Party may give written notice to the receiving party that it claims the information, in whole or in part, to be privileged or protected material. In addition, the notice must state the nature of the privilege or protection and the factual basis for asserting it.

b. In receipt of such notice, all parties who have received copies of the produced information shall promptly (i) return all such copies to the party asserting the privilege or (ii) provide written assurance to the party asserting the privilege that all copies have been destroyed.

c. In the event the Producing Party claims only part of the information to be privileged or protected, the Producing Party shall furnish to the requesting party redacted copies of such information, removing only the part(s) thereof to be privileged or protected, together with such written notice. Upon receipt of the redacted copy, each party shall promptly (a) return all un-redacted copies to the party asserting the privilege or (b) provide written assurance to the parties asserting the privilege that all copies have been destroyed.

17. If any Party wishes to file a document with the Court containing confidential information, the Party filing the document shall notify the Producing Party in advance so that the Parties may confer regarding the necessity of a motion to seal. If the Producing Party requests that the information be submitted to the Court under seal, then the Parties shall cooperate with respect to the process for filing documents under seal. It is the responsibility of the Party seeking to prevent public disclosure of the confidential information to prepare any pleadings necessary to submit the documents under seal.

18. The Parties may seek modification of this Order by the Court at any time, by stipulation or for good cause.

19. The Court shall retain jurisdiction over the Parties for the purpose of ensuring compliance with this Order and granting such amendments, modifications, and additions to this Order, and such other and further relief as may be necessary.

20. This Order shall survive the final disposition of the Litigation, by judgment, dismissal, settlement, appeal, or otherwise.

Dated July 20, 2015 at Denver, Colorado.

BY THE COURT:

~~Robert E. Blackburn~~
~~United States District Judge~~
Craig B. Shaffer
United States Magistrate Judge

# EXHIBIT A

## STATEMENT REGARDING STIPULATED PROTECTIVE ORDER

I, _____ , do hereby acknowledge and agree as follows:

1. I have received and read the Confidentiality Agreement and Protective Order entered in the matter entitled *United States Securities and Exchange Commission v. Kristine L. Johnson, et al.*, Civil Action No. 15-cv-00299-REB-CBS (D. Colo.), to which the form of this agreement is an attachment.

2. I understand the terms and provisions of the Confidentiality Agreement and Protective Order and agree to be bound by and to strictly adhere to all of its terms and provisions.

3. I hereby submit to the jurisdiction of the United States District Court for the District of Colorado solely for the purpose of enforcement of the Confidentiality Agreement and Protective Order.

DATED this _____ day of _____, 201__.

                                                  _____
                                                  [Signature]

                                                  _____
                                                  _____
                                                  [Name, Address, Telephone Number]