**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 1:15-cv-00299-REB-CBS

UNITED STATES SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

KRISTINE L. JOHNSON,
TROY A. BARNES, and
WORK WITH TROY BARNES, INC. (d/b/a THE ACHIEVE COMMUNITY),

    Defendants,

and

ACHIEVE INTERNATIONAL, LLC,

    Relief Defendant.

## ORDER DENYING MOTION FOR JOINDER AS PARTY PLAINTIFF

**Blackburn, J.**

    The matter before me is Arla Mendenhall's **Motion To Be Joined in This Case as a Plaintiff** [#45],[1] filed June 15, 2015.  By this motion, Ms. Mendenhall, an investor in defendants' alleged fraudulent securities scheme, seeks to intervene in the action as a party plaintiff.  I deny the motion.

    As more detailed fully in the SEC's response to the motion ([#50], filed July 2, 2015) – which I adopt and incorporate by reference herein – Ms. Mendenhall's request to join this action is barred by section 21(g) of the Exchange Act, which provides:

---

[1] "[#45]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF).  I use this convention throughout this order.

> Notwithstanding the provisions of section 1407(a) of Title 28, or any other provision of law, no action for equitable relief instituted by the Commission pursuant to the securities laws shall be consolidated or coordinated with other actions not brought by the Commission, even though such other actions may involve common questions of fact, unless such consolidation is consented to by the Commission.

15 U.S.C. § 78u(g). Regardless whether interpreted as an absolute bar to joinder of an individual plaintiff absent consent of the SEC, *see, e.g.*, *SEC v. Cogley*, 2001 WL 1842476 at *3 (S.D. Ohio March 21, 2001), or simply as impermissible when the putative intervenor's claims would merely mimic those already joined by the SEC's suit, *see, e.g.*, *SEC v. Falor*, 270 F.R.D. 372, 374-75 (N.D. Ill. 2010), section 12(g) plainly precludes Ms. Mendenhall from intervening as a party plaintiff in this action.[2]

**THEREFORE, IT IS ORDERED** that Ms. Mendenhall's **Motion To Be Joined in This Case as a Plaintiff** [#45], filed June 15, 2015, is denied.

Dated July 21, 2015, at Denver, Colorado.

**BY THE COURT:**

Bob Blackburn
Robert E. Blackburn
United States District Judge

---

[2] I further concur with the SEC that, to the extent Rule 24 might be implicated instead of or in addition to section 12(g), Ms. Mendenhall has not shown that her rights will not be adequately represented by the SEC. *See SEC v. Credit Bankcorp, Ltd.*, 194 F.R.D. 457, 468 (S.D.N.Y. 2000).