IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:15-cv-00299-REB-CBS

UNITED STATES SECURITIES
AND EXCHANGE COMMISSION,

      Plaintiff,

v.

KRISTINE L. JOHNSON,
TROY A. BARNES, and
WORK WITH TROY BARNES, INC. (d/b/a THE ACHIEVE COMMUNITY),

      Defendants,

and

ACHIEVE INTERNATIONAL, LLC,

      Relief Defendant.
_____

## SCHEDULING ORDER
_____

## 1. DATE OF CONFERENCE
## AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

      The Court conducted a scheduling conference on August 20, 2015 at 1:30 p.m.

Mountain Time. The participants were:

      [To be completed at scheduling conference]

## 2. STATEMENT OF JURISDICTION

The Court has jurisdiction pursuant to Section 22(a) of the Securities Act [15

U.S.C. § 77v(a)] and Sections 21(d), 21(e), and 27 of the Exchange Act [15 U.S.C. §§

78u(d) and (e) and 78aa].

Defendant Kristine Johnson does not deny jurisdiction.

## 3. STATEMENT OF CLAIMS AND DEFENSES

a.    Plaintiff:

Beginning in approximately April 2014, Defendants engaged in a fraudulent

Ponzi scheme in which they raised more than $3.8 million from investors primarily

through videos and promotional materials posted on Internet websites. Through their

marketing efforts, Defendants enticed investors to buy "positions" in The Achieve

Community ("TAC") by claiming investors would earn extraordinary investment returns

of 700 percent, which was generated through a purported "triple algorithm" that Johnson

and Barnes developed. Defendants further claimed TAC was a long-term, stable

program that would generate "limitless," "lifetime" returns. In reality, TAC was a pure

Ponzi and pyramid scheme. Early investors were paid their purported investment

returns from the funds of newer investors. As a result of this conduct, Defendants

Johnson, Barnes, and WWTB engaged in a scheme to defraud, and have thus violated

Section 17(a)(1) and (3) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §

77q(a)], Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15

U.S.C. 78j(b)], and Rule 10b-5(a) and (c) thereunder [17 C.F.R. § 240.10b-5].

Defendants have also made materially misleading statements and omissions, and have

thus violated Section 17(a)(2) of the Securities Act [15 U.S.C. § 77q(a)], Section 10(b) of the Exchange Act [15 U.S.C. 78j(b)], and Rule 10b-5(b) thereunder [17 C.F.R. § 240.10b-5]. Finally, Relief Defendant Achieve International obtained money, property, and assets as a result of these violations, to which Achieve International has no legitimate claim.

      b.    Defendant Kristine Johnson:

      Ms. Johnson is a defendant in a pending criminal action in the United States District Court for the Western District of North Carolina, <u>U.S. v. Johnson</u>, 15-cr-158 (W.D.N.C.), arising from the facts at issue in this action. Ms. Johnson asserts her Fifth Amendment privilege to not act as a witness against herself in a matter involving a possible fine, penalty, or forfeiture, and declines to provide this information at this time.

      c.    Defendant Troy Barnes:

## 4. UNDISPUTED FACTS

      Ms. Johnson is a defendant in a pending criminal action in the United States District Court for the Western District of North Carolina, <u>U.S. v. Johnson</u>, 15-cr-158 (W.D.N.C.), arising from the facts at issue in this action. Ms. Johnson asserts her Fifth Amendment privilege to not act as a witness against herself in a matter involving a possible fine, penalty, or forfeiture, and declines to provide this information at this time

## 5. COMPUTATION OF DAMAGES

      The SEC is not seeking damages. The SEC is seeking, from each defendant, a permanent injunction against future violations of the federal securities laws charged in the Complaint. The SEC is also seeking disgorgement of ill-gotten gains relating to the

alleged illegal conduct, plus prejudgment interest. The SEC is also seeking civil
penalties.

Disgorgement

"Disgorgement is designed to prevent the wrongdoer's unjust enrichment and
to deter violations of the securities laws. The court has broad discretion in awarding
disgorgement because it is an equitable remedy. The SEC is entitled to disgorgement
once it proves a reasonable approximation of the defendants' ill-gotten gains."
*Securities and Exchange Commission v. McDuffie* 2014 WL 4548723, *10 -11
(D.Colo.2014) (citations omitted).

Based on preliminary information gathered to date, the SEC approximates that
Defendants collected at least $3.8 million from investors. The SEC reserves the right
to amend this amount based on additional information discovered or received. The
SEC is seeking disgorgement of these ill-gotten gains, as well as prejudgment interest
on these ill-gotten gains.

Civil Penalties

"Courts determine civil penalty amounts 'in light of the facts and
circumstances,' using a three tier penalty structure. Third tier penalties apply when a
violation involved 'fraud, deceit, manipulation, or deliberate or reckless disregard of a
regulatory requirement' and 'directly or indirectly resulted in substantial losses or
created a significant risk of substantial losses to other persons.' When imposing
penalties, a court can award up to the maximum penalty amount or 'the gross amount
of pecuniary gain to such defendant as a result of the violation' for each such violation

of the Securities Act or the Exchange Act." *SEC v. Parrish*, 2012 WL 4378114, *6 (D.

Colo. 2012) (citations omitted).

The SEC is seeking civil penalties based on Defendants' fraudulent conduct.

## 6. REPORT OF PRECONFERENCE DISCOVERY
## AND MEETING UNDER FED. R. CIV. P. 26(f)

a.      Date of Rule 26(f) meeting.

July 28, 2015

b.      Names of each participant and party he/she represented.

For Plaintiff United States Securities and Exchange Commission:

Nicholas P. Heinke
United States Securities and Exchange Commission
1961 Stout St., Suite 1700, Denver, CO  80294
(303) 844-1000

For Defendant Kristine L. Johnson:

David A. Zisser
Jones & Keller
1999 Broadway, Suite 3150
Denver, Colorado 80202
(303) 573-1600

Defendant Troy Barnes, who is proceeding *pro se*, informed counsel for the

Commission that he would not be participating in the Rule 26(f) conference. (See Ex.

A.) Mr. Barnes also failed to respond to emails requesting his input on this scheduling

order. (*See* Exs. B & C.)

No attorney has entered an appearance on behalf of Defendant Work With Troy

Barnes, Inc. or Relief Defendant Achieve International LLC. Neither entity participated in

the Rule 26(f) conference.

c.      Statement as to when Rule 26(a)(1) disclosures were made or will be
        made.

The Commission and Defendant Kristine Johnson agreed to exchange Rule

26(a)(1) initial disclosures 14 days after the parties' Rule 26(f) conference, or by August

11, 2015, pursuant to Fed. R. Civ. P. 26(a)(1)(C). Ms. Johnson's disclosures will

incorporate the assertion of her Fifth Amendment privilege.

d.      Proposed changes, if any, in timing or requirement of disclosures under
        Fed. R. Civ. P. 26(a)(1).

The Commission and Defendant Kristine Johnson do not propose changes in the

timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).

e.      Statement concerning any agreements to conduct informal discovery:

The Commission and Defendant Kristine Johnson discussed the possibility of

conducting informal discovery. The Commission informed Ms. Johnson that it is in the

process of obtaining certain records from a payment processing company that the

Commission anticipates will be relevant to demonstrating the amount of certain

investments in The Achieve Community and, perhaps, whether certain investors were

refunded in whole or in part. The Commission intends to provide this information to

Defendant Kristine Johnson when it is received by the Commission, subject to any

motion to stay discovery in this action.

f.      Statement concerning any other agreements or procedures to reduce
        discovery and other litigation costs, including the use of a unified exhibit
        numbering system.

The Commission and Defendant Kristine Johnson discussed procedures to

reduce costs. The parties determined that there were not specific agreements or

procedures that would be effective at this stage of the litigation, but will continue to work in good faith to reduce discovery and other litigation costs. The parties will use a unified exhibit numbering system, beginning with "Exhibit 1," in depositions in this matter.

      g.     Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

The Commission and Defendant Kristine Johnson do not anticipate that their claims or defenses will involve extensive electronically stored information or information or records maintained in electronic form. The Commission collected during its investigation certain electronically stored information, including information from websites related to The Achieve Community and records from banks and other financial institutions, which it would produce as single page tiff images, document level text, native files when available and database loadfiles (.dat and .opt files). The Commission anticipates it may seek additional electronically stored information from third parties in this litigation, including additional information from banks and other financial institutions and payment processors. The Commission would similarly produce this information as described above.

Defendant Kristine Johnson is preserving any e-mails or other electronically stored information that she may have that is relevant to the claims in this case.

      h.     Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.

The Commission and Defendant Kristine Johnson discussed the possibilities for settlement in this case. The parties do not believe there is potential for settlement prior

to Ms. Johnson's sentencing in the related criminal matter, <u>U.S. v. Johnson</u>, 15-cr-158

(W.D.N.C.). The parties will be in a better position to assess settlement potential

following that sentencing. As this time, Ms. Johnson's sentencing has not been

scheduled.

## 7. CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate

judge.

## 8. DISCOVERY LIMITATIONS

a.    Modifications which any party proposes to the presumptive
numbers of depositions or interrogatories contained in the
Federal Rules.

The Commission and Defendant Kristine Johnson do not propose any

modifications to the presumptive number of depositions or interrogatories.

b.    Limitations which any party proposes on the length of depositions.

The Commission and Defendant Kristine Johnson do not propose any limitations

on the length of depositions.

c.    Limitations which any party proposes on the number of requests for
production and/or requests for admission.

The Commission and Defendant Kristine Johnson agree to limit the number of

requests for production and requests for admission to 25 requests for production, and

25 requests for admission, per party. Requests for admission of the genuineness or

authenticity of documents are not subject to this limitation.

      d.     Other Planning or Discovery Orders

None.

## 9. CASE PLAN AND SCHEDULE

      a.     Deadline for Joinder of Parties and Amendment of Pleadings:

The Commission and Defendant Kristine Johnson have agreed to a deadline for joinder of parties and amendment of pleadings of October 5, 2015, which is 45 days from the date of the scheduling conference.

      b.     Discovery Cut-off:

The Commission and Defendant Kristine Johnson have agreed to a deadline for fact discovery of May 20, 2016, which is approximately 9 months from the date of the scheduling conference. The Commission and Defendant Kristine Johnson have agreed to a deadline for expert discovery of August 19, 2016, which is approximately 12 months from the date of the scheduling conference.

      c.     Dispositive Motion Deadline:

The Commission and Defendant Kristine Johnson have agreed to a dispositive motion deadline of August 19, 2016.

      d.     Expert Witness Disclosure

          1.     The parties shall identify anticipated fields of expert testimony, if any.

At this stage in the litigation, the Commission anticipates it may seek to introduce expert testimony in at least two fields: (1) the financial performance of The Achieve Community, including an analysis of the money collected from investors and the money paid back to investors and whether such financing model was sustainable; and (2) the

Defendants' claims that The Achieve Community generated returns through a "triple algorithm." The Commission reserves the right to identify additional fields of expert testimony based on additional facts or information discovered in this litigation, and reserves the right to offer rebuttal expert testimony in response to any expert testimony by the Defendants.

Ms. Johnson is a defendant in a pending criminal action in the United States District Court for the Western District of North Carolina, U.S. v. Johnson, 15-cr-158 (W.D.N.C.), arising from the facts at issue in this action. Ms. Johnson asserts her Fifth Amendment privilege to not act as a witness against herself in a matter involving a possible fine, penalty, or forfeiture, and declines to provide this information at this time. In light of these considerations, Ms. Johnson declines to provide this information.

    2.    Limitations which the parties propose on the use or number of expert witnesses.

The Commission and Defendant Kristine Johnson do not propose limits on the use or number of expert witnesses.

    3.    The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before June 20, 2016.

    4.    The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before July 22, 2016.

e.    Identification of Persons to Be Deposed:

At this stage of the litigation, the Commission anticipates it may seek to depose the following individuals or corporate representatives. The Commission reserves the

right to depose additional individuals based on additional facts or information discovered

in this litigation.

- Kristine Johnson – 7 hours
- Troy Barnes – 7 hours
- Rodney Blackburn – 7 hours
- Chris Fortner – 7 hours
- 1-2 investors in The Achieve Community – 3 hours each
- Representative from iPayDNA – 7 hours
- Representative from Stripe – 7 hours
- Representative from Binary Wallet – 7 hours
- Representative from Payoneer – 7 hours

Ms. Johnson is a defendant in a pending criminal action in the United States

District Court for the Western District of North Carolina, U.S. v. Johnson, 15-cr-158

(W.D.N.C.), arising from the facts at issue in this action. Ms. Johnson asserts her Fifth

Amendment privilege to not act as a witness against herself in a matter involving a

possible fine, penalty, or forfeiture, and declines to provide this information at this time.

     f.     Deadline for Interrogatories:

The Commission and Defendant Kristine Johnson have agreed to a deadline for

interrogatories of April 15, 2016.

     g.     Deadline for Requests for Production of Documents and/or Admissions

The Commission and Defendant Kristine Johnson have agreed to a deadline for

Requests for Production of Documents and/or Admissions

of April 15, 2016.

## 10. DATES FOR FURTHER CONFERENCES

*[The magistrate judge will complete this section at the scheduling conference if he or she has not already set deadlines by an order filed before the conference.]*

      a.    Status conferences will be held in this case at the following dates and times:

_____.

      b.    A final pretrial **and trial preparation** conference will be held in this case on **November 18, 2016** at **1:30 p.**m. **before Judge Blackburn.**  A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

      a.    Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

None.

      b.    Anticipated length of trial and whether trial is to the court or jury.

The Commission anticipates the length of trial to be approximately 7 days. The trial is to a jury.  **A 7 day jury trial is set to begin on December 5, 2016 at 8:30 a.m. before Judge Blackburn.**

      c.    Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building,103 Sheppard Drive, Durango, Colorado 81303-3439.

The Commission and Defendant Kristine Johnson agree that pretrial proceedings should be conducted in the District Court's facilities in Denver, Colorado.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply

with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been

served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial

Procedures or Practice Standards established by the judicial officer presiding over the

trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR

7.1(a).

Counsel and unrepresented parties are reminded that any change of contact

information must be reported and filed with the Court pursuant to the applicable local

rule.

## 13. AMENDMENTS TO SCHEDULING ORDER

This scheduling order may be altered or amended only upon a showing of good

cause.


DATED at Denver, Colorado, this 20th day of  August, 2015.

BY THE COURT:

s/ Craig B. Shaffer
United States Magistrate Judge

APPROVED:

s/ Nicholas P. Heinke
Nicholas P. Heinke
Gregory A. Kasper
U.S. Securities and Exchange Commission
1961 Stout Street, Suite 1700
Denver, CO 80294-1961
(303) 844-1071 (Heinke)
(303) 844-1026 (Kasper)
HeinkeN@sec.gov
KasperG@sec.gov

*Attorneys for Plaintiff United States
Securities and Exchange Commission*

s/ David A. Zisser
David A. Zisser
JONES & KELLER, P.C.
1999 Broadway, Suite 3150
Denver, CO 80202
(303) 573-1600
dzisser@joneskeller.com

*Attorney for Defendant Kristine Johnson*

## CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2015 2015 I electronically filed the foregoing **SCHEDULING ORDER** using the CM/ECF system which will send notification of such filing to the following:

David A. Zisser
JONES & KELLER
1999 Broadway, Suite 3150
Denver, Colorado 80202

*Attorney for Defendant Kristine Johnson*

Via U.S. Mail and/or E-Mail to:

Troy Alex Barnes
14739 Parkview St.
Riverview, MI 48193
Troybarnes53@gmail.com

*Pro Se Defendant*

Achieve International, LLC
14300 E. Marina Dr. #311
Aurora, CO 80014

Work with Troy Barnes, Inc.
33115 Warren Road
Building 2, Suite 211
Westland, MI 48185
workwithtroybarnes@gmail.com


*s/ Nicholas P. Heinke*
Nicholas P. Heinke