IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00299-REB-CBS

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,

    Plaintiff,

v.

KRISTINE L. JOHNSON,
TROY A. BARNES, and
WORK WITH TROY BARNES, INC. (d/b/a THE ACHIEVE COMMUNITY),

    Defendants,

and

ACHIEVE INTERNATIONAL, LLC,

    Relief Defendant.
_____

PLAINTIFF AND DEFENDANT JOHNSON'S JOINT MOTION FOR LIMITED RELIEF
FROM ASSET FREEZE
_____

Plaintiff United States Securities and Exchange Commission (the "Commission"), through its attorneys, and Defendant Kristine L. Johnson ("Johnson"), through her attorneys, Jones & Keller, (collectively, the "Parties") respectfully move the Court for an Order providing certain limited relief from the asset freeze contained in the Court's Preliminary Injunction Orders, specifically allowing Ms. Johnson to sell her vehicle and to deposit the proceeds in the trust account of her criminal attorney.

D.C.Colo.LCivR 7.1(a) Certification: Counsel for Plaintiff and Defendant Johnson jointly request the relief below. The relief requested below relates solely to an asset

belonging to Ms. Johnson, therefore counsel deemed conferral with the other Defendants unnecessary.

In support of this joint motion, the Parties state as follows:

1. On February 12, 2015, the Court entered an Order freezing Defendants' assets and providing for other temporary emergency relief [#10].

2. On February 23 and 24, 2015, the Court converted the existing temporary asset freeze into relief that will continue, pending trial on the merits or further Court order, against Defendants Troy Barnes [#17], Kristine L. Johnson [#22], Work With Troy Barnes, Inc. [#25], and Achieve International, LLC [#26] (collectively, the "Asset Freeze Orders").

3. The Court's Asset Freeze Orders:

   a. froze "[t]he assets, funds or other property of Defendant[s] . . . where located, which derive, directly or indirectly, from any investor funds obtained by or on behalf of the Defendants or Relief Defendant in connection with the scheme alleged in the SEC's Complaint" (*see* [#17] at ¶4.A; [#22] at ¶4.A; [#25] at ¶4.a; [#26] at ¶2.a.);

   b. directed Defendants to freeze any assets in their custody or control and prevent the dissipation of those assets (*see* [#17] at ¶4.B; [#22] at ¶4.B; [#25] at ¶4.b; [#26] at ¶2.b.);

   c. instructed any financial institution holding funds subject to the freeze to prevent the transfer or dissipation of such funds (*see* [#17] at ¶4.C; [#22] at ¶4.C; [#25] at ¶4.c; [#26] at ¶2.c.); and

2

        d. provided that no person may take any action to interfere with the asset freeze, except as may be permitted by further order of the Court on a proper showing (*see* [#17] at ¶4.D; [#22] at ¶4.D; [#25] at ¶4.c; [#26] at ¶2.c.).

4. In addition to the instant civil law enforcement case, there is a criminal investigation relating to the same factual circumstances set forth in the Complaint filed in this matter. The criminal matter is being handled by the U.S. Attorney's Office for the Western District of North Carolina (USAO-WDNC) and the U.S. Secret Service.

5. On June 18, 2015, the USAO-WDNC filed a criminal bill of information charging Defendant Johnson with wire fraud conspiracy and issued a press release stating that Johnson had signed a plea agreement to resolve the allegations against her (http://www.justice.gov/usao-wdnc/pr/colorado-woman-charged-wire-fraud-conspiracy-operating-68-million-ponzi-scheme).

6. As a result of the criminal investigation, the plea agreement, and the first filing in that matter, the USAO-WDNC will likely seek a restitution order or an asset seizure warrant to collect the proceeds of the fraud described in the Complaint in this matter.

7. All of the proceeds that could be collected pursuant to a restitution order or seized pursuant to an asset seizure warrant are currently subject to the Court's Asset Freeze Orders.

8. Ms. Johnson is currently in possession of a vehicle that is subject to the Court's Asset Freeze Orders.

9. For the purpose of maximizing the value of the vehicle sale, and to convert the vehicle's value into funds that can ultimately become part of a distribution to victims, the Parties have agreed that the vehicle should be sold.

10. One hundred percent of the funds received in exchange for the sale of the vehicle will be deposited in the trust account of Ms. Johnson's attorney in the criminal case, where said funds will continue to be subject to the Court's Asset Freeze Orders and will await further disposition (as is the case with all other funds frozen in place in this matter).

11. The Commission believes that it is in the best interest of justice, the victims, and the efficient resolution of this matter to seek a limited modification of the Court's Asset Freeze Orders to allow the vehicle to be sold and the proceeds deposited for safekeeping in the trust account of Ms. Johnson's criminal attorney.

12. Further, regardless of how the funds are collected, the ultimate goal will be to distribute any funds to the victims. Both the Commission and the Department of Justice have resources for, and experience with, administering victim funds.

13. The Parties have submitted a Proposed Order consistent with the relief requested in this Motion.

**WHEREFORE**, the Parties respectfully request that the Court issue an Order providing that: (1) the asset freeze is lifted for the limited purpose of allowing the sale of Ms. Johnson's vehicle with the proceeds deposited for safekeeping in the trust account of Ms. Johnson's criminal attorney and (2) providing that the Asset Freeze Orders otherwise remain in full force and effect.

Dated:  August 20, 2015

Respectfully submitted,

*s/ Nicholas P. Heinke*
Nicholas P. Heinke
Gregory A. Kasper
U.S. Securities and Exchange Commission
1961 Stout Street, Suite 1700
Denver, CO 80294-1961
(303) 844-1071 (Heinke)
(303) 844-1026 (Kasper)
HeinkeN@sec.gov
KasperG@sec.gov

*Attorneys for Plaintiff U.S. Securities and Exchange Commission*

*s/ David A. Zisser (with permission)*
David A. Zisser
Jones & Keller, P.C.
1999 Broadway, Suite 3150
Denver, CO 80202
303-573-1600 (telephone)
303-573-8133 (fax)
dzisser@joneskeller.com

*Attorney for Defendant Kristine Johnson*

## CERTIFICATE OF SERVICE

I hereby certify that on August 20, 2015 I electronically filed the foregoing PLAINTIFF AND DEFENDANT JOHNSON'S JOINT MOTION FOR LIMITED RELIEF FROM ASSET FREEZE, using the CM/ECF system, which will send notification of such filing to the following:

David A. Zisser
Jones & Keller, P.C.
1999 Broadway, Suite 3150
Denver, CO 80202
303-573-1600 (telephone)
303-573-8133 (fax)
dzisser@joneskeller.com

*s/ Nicholas P. Heinke*
Nicholas P. Heinke