**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 15-cv-00299-REB-CBS

UNITED STATES SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

KRISTINE L. JOHNSON, and
TROY A. BARNES,

    Defendants.

## FINAL JUDGMENT

In accordance with the orders filed during the pendency of this case, and pursuant to Fed. R. Civ. P. 58(a), the following Final Judgment is hereby entered.

Pursuant to the Order for Judgment [ECF 85] entered by United States District Judge Robert E. Blackburn on May 6, 2019, which granted the Plaintiff's Motion for Order of Final Judgment Against Defendants Johnson and Barnes [ECF 79], it is

ORDERED that judgment with prejudice is entered on behalf of plaintiff, the United States Securities and Exchange Commission, and against defendants, Kristine L. Johnson and Troy A. Barnes, on the terms set forth below:

    1. That defendant, Kristine L. Johnson, is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the

mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a) to employ any device, scheme, or artifice to defraud;

    (b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person;

2. That as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph 3 also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) defendant Johnson's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with defendant Johnson or with anyone described in this paragraph 4(a);

3. That defendant, Troy A. Barnes, is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a) to employ any device, scheme, or artifice to defraud;

    (b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

      (c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person;

4. That as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) defendant Barnes's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with defendant Barnes or with anyone described in this paragraph 6(a);

5. That defendant, Kristine L. Johnson, is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

      (a) to employ any device, scheme, or artifice to defraud;

      (b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

      (c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser;

6. That as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) defendant Johnson's officers, agents, servants,

employees, and attorneys; and (b) other persons in active concert or participation with defendant Johnson or with anyone described in this paragraph 8(a);

7. That defendant, Troy A. Barnes, is permanently restrained and enjoined from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a) to employ any device, scheme, or artifice to defraud;

    (b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser;

8. That as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) defendant Barnes's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with defendant Barnes or with anyone described in this paragraph 10(a);

9. That defendant, Kristine L. Johnson, is liable, on a joint and several basis with defendant, Troy A. Barnes, for disgorgement of $3,427,937, representing profits gained as a result of the conduct alleged in the Complaint; provided further, defendant Johnson's disgorgement liability shall be deemed satisfied by the order of forfeiture

entered in United States v. Kristine Louise Johnson, Case. No. 3:15-cr-158-MOC (W.D.N.C.);

10. That defendant, Troy A. Barnes, is liable, on a joint and several basis with defendant Kristine L. Johnson, for disgorgement of $3,427,937, representing profits gained as a result of the conduct alleged in the Complaint; provided further, defendant Barnes's disgorgement liability shall be deemed satisfied by the order of forfeiture entered in United States v. Troy Barnes, Case. No. 3:15-cr-254-MOC (W.D.N.C.);

11. That the Consents of the defendants are incorporated herein with the same force and effect as if fully set forth herein, and the defendants shall comply with all of the undertakings and agreements set forth therein;

12. That for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are deemed true and admitted by defendants, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by defendants under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by defendants of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19); and

13. That the court shall retain jurisdiction of this matter for the purposes of enforcing the terms of the Order for Judgment.

This case will be closed.

Case No. 1:15-cv-00299-REB-CBS   Document 86   filed 05/10/19   USDC Colorado
pg 5 of 6

Dated May 10, 2019, and Denver, Colorado.

          FOR THE COURT:

          Jeffrey P. Colwell, Clerk

          By:    s/L.Roberson
                    L. Roberson
                    Deputy Clerk

Case No. 1:15-cv-00299-REB-CBS   Document 86   filed 05/10/19   USDC Colorado
pg 6 of 6